THE STATE OF OHIO, APPELLEE, *v.* FISHER ET AL., APPELLANTS.

(No. L-76-170—Decided February 18, 1977.)

*Mr. William F. Hayes,* for appellant.
*Mr. Richard Knepper,* for appellee.

Brown, J. Both defendants, James Fisher and Charles Barker, tried jointly by a jury, are appealing their Toledo Municipal Court convictions. Nine separate complaints charged each defendant with nine separate violations of the fishing laws under R. C. Chapter 1533.

The nine convictions were based on the following complaints. Eight complaints against each defendant charged the unlawful taking of fish by net, contrary to NRw-13, Rule 01, Section (a), paragraph (2),* and R. C. 1533.65, each fish caught constituting a separate offense and a violation of R. C. 1533.02. Each of the eight complaints described a different species of fish taken, namely: 44 walleye, 12 catfish, 5 carp, 12 white bass, 1 long-nosed Gar, 1 sauger, 1 steelhead and 3 quillback suckers. These eight species of fish were all taken in one net at one location and at the same time, 2:20 a. m., April 21, 1976.

A ninth complaint against each defendant charged the unlawful possession of more than 10 walleye—to wit, 44 walleye, while on the Maumee River, contrary to NRw-13, Rule 08, Section (a), paragraph (1) and R. C. 1531.02.

At the close of the state's case, defendants moved for an order requiring the state to elect, pursuant to R. C. 2941.25(A), upon which count the state wished to proceed. This motion was renewed again at the close of all evidence. Both times the trial court denied the motion.

These appeals of defendants are grounded solely on the assigned error of the trial court in denying defendants' motion requiring the state to elect on which complaint it wished to proceed against each defendant. The assigned error is well taken to the extent hereafter explained. We reverse.

The statutes relevant to reaching a decisison in this case are as follows:

"2941.25 * * *

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain

---

*Department of Natural Resources, Division of Wildlife order.

counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

R. C. 1533.65

"Each fish caught, killed, taken, or had in possession, contrary to an order of the wildlife division or Chapter 1531. or 1533. of the Revised Code constitutes a separate offense."

R. C. 2901.04

"(A) Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.

"(B) Rules of criminal procedure and sections of the Revised Code providing for criminal procedure shall be construed so as to effect the fair, impartial, speedy, and sure administration of justice."

The eight separate complaints against each defendant, each charging the unlawful taking of a separate species of fish by gill net, contrary to a valid wildlife order or statute, where all of such taking was at the same time, at one location and in one net constitutes, within the meaning of R. C. 2941.25(A), "two or more allied offenses of similar import" and each defendant may be convicted on only one of such complaints.

The ninth complaint, upon which each defendant was convicted, charging unlawful possession of more than 10 walleye (to wit, 44 walleye) and the conviction for the unlawful taking of fish by gill net, is within the meaning of R. C. 2941.25(B) "conduct" which "constitutes two or more offenses of dissimilar import." Each defendant may be convicted on the charge of unlawful possession of more than 10 walleye and on one charge of the unlawful taking of fish by gill net, although both offenses occurred

at or about the same time and at the same location.

Accordingly, the conviction and sentence of each defendant for unlawful possession of more than 10 walleye may stand undisturbed. However, the eight sentences of each defendant for the unlawful taking by net must be vacated and set aside, and, upon remand, the lower court must proceed to vacate the convictions on seven of the complaints against each defendant for the unlawful taking and to sentence each defendant on only one of the convictions for unlawful taking by gill net.

The judgment and sentence of the Toledo Municipal Court is affirmed in that part pertaining to the conviction and sentence of each defendant for the unlawful possession of more than ten walleye, but seven of the eight sentences of each defendant on eight separate complaints for the unlawful taking of fish by gill net imposed by the trial court, each of which imposes upon each defendant a confinement of 30 days and a fine of $100, are reversed. As to seven of such sentences, each defendant is discharged, but as to each defendant one sentence of 30 days confinement and a $100 fine for the unlawful taking by gill net is affirmed, and the judgment of the trial court as modified herein is affirmed. This cause is remanded to the Toledo Municipal Court for further proceedings according to law.

*Judgment affirmed in part and reversed in part.*

POTTER and COLLER, JJ., concur.

COLLER, J., retired, of the Court of Common Pleas of Wood County, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.