THE STATE OF OHIO, APPELLANT, *v.* STRATTON, APPELLEE.

(No. E-81-54—Decided April 2, 1982.)

Ms. *Beverly K. McGookey,* for appellant.

Mr. *Thomas H. Freeman,* for appellee.

*Per Curiam.* The state of Ohio appeals the judgment of the Erie County Court of Common Pleas dismissing the indictment against defendant on the grounds that jeopardy had previously attached.

On April 5, 1981, defendant was observed asleep in the front seat of his automobile by an Erie County Sheriff's deputy. The lights of defendant's car were on and the radio was playing. The officer opened the car door and attempted to awaken the defendant. While doing so, the officer observed in plain view three separate containers of substances which he had reason to believe were illegal drugs. The items were seized and subsequently analyzed and found to be marijuana, cocaine, and methaqualone.

On April 5, 1981, defendant was arrested and issued a citation on a charge of drug abuse in violation of R.C. 2925.11, to which defendant pled guilty on April 6, 1981. On April 27, 1981, a complaint was filed in the Sandusky Municipal Court charging the defendant with drug abuse in violation of R.C. 2925.11 for possession of cocaine and methaqualone. On June 22, 1981, a preliminary hearing was held in the Sandusky Municipal Court and defendant was bound over to the court of common pleas pursuant to Crim. R. 5(B). An indictment on the complaint was returned by the grand jury on July 13, 1981. Defendant filed a motion to dismiss on July 22, 1981, on the basis of double jeopardy and/or the allied offense statute, R.C. 2941.25.

The trial court granted the motion to dismiss, finding that the present prosecution for drug abuse violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, because the offense for which the defendant pled guilty on April 6, 1981, involved identical parties and the same statutory proscription, namely, R.C. 2925.11.

On behalf of the state of Ohio, the

Erie County Prosecutor, pursuant to R.C. 2945.67, appeals the trial court's decision dismissing the indictment and files the following assignments of error:

"1. The trial court erred in granting appellee's motion to dismiss the indictment as, for purposes of the Fifth Amendment prohibition against double jeopardy, a violation of O.R.C. 2925.11 involving the drug marijuana does not constitute substantially the 'same offense' as violations of O.R.C. 2925.11 involving the Schedule II drugs cocaine and methaqualone.

"2. The trial court erred in granting appellee's motion to dismiss the indictment as the offenses charged do not constitute 'allied offenses of similar import' under the definition of O.R.C. 2941.25."

The state of Ohio alleges that the defendant's acts in this case constitute three separate offenses under the tests set forth in accordance with the Ohio and the United States Constitutions and, therefore, defendant's defense of double jeopardy is without merit.

Section 10, Article I of the Ohio Constitution provides, in part, that "[n]o person shall be twice put in jeopardy for the same offense." This provision protects against a second prosecution for the same offense after an acquittal or after a conviction, and against multiple punishments for the same offense. *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262].

In the case *sub judice,* defendant pled guilty to a complaint charging him with abuse of drugs in violation of R.C. 2925.11. The Sandusky Municipal Court accepted defendant's guilty plea. Subsequently, defendant was bound over to the court of common pleas and indicted for abuse of drugs in violation of R.C. 2925.11 for the possession of cocaine and methaqualone. Since the protections provided by the Double Jeopardy Clause require, as a prerequisite, a finding that jeopardy has attached and the same offense is involved, the determinative issue on appeal is whether the simultaneous possession of three controlled substances constitutes the same offense or three separate offenses, pursuant to R.C. 2925.11(A), which provides:

"No person shall knowingly obtain, possess, or use a controlled substance."

The defendant, having previously placed himself in jeopardy for the offense of drug abuse, cannot be prosecuted again if the facts of this case indicate that a single offense was committed by the simultaneous possession of three controlled substances.

Several theories have developed to determine whether the actions of a defendant constitute a single offense or multiple offenses. The prosecution relies on the test established in *Blockburger* v. *United States* (1932), 284 U.S. 299, which provides, at 304, the following:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

The prosecution submits that different facts are required to prove each offense; the first offense required proof that the substance possessed was marijuana, while the subsequent offense requires proof that the substances were cocaine and methaqualone.

We find that the test set forth in *Blockburger, supra,* is not applicable to the case *sub judice.* The above analysis is appropriate when a defendant is charged with violating two statutes by the commission of a single act. In the case *sub judice,* defendant Stratton is charged with violating only one statute, R.C. 2925.11. Additionally, as stated in *State* v. *Thomas, supra,* at 259, the *Blockburger* test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case.

We find the analysis set forth in *Bell* v. *United States* (1955), 349 U.S. 81, persuasive in the case *sub judice.* The defen-

dant in *Bell* transported two women at the same time across state lines in violation of the Mann Act. The defendant pled guilty to the two counts and was sentenced to serve consecutive terms. The Sixth Circuit Court of Appeals affirmed. The United States Supreme Court reversed.

In reaching its decision in *Bell, supra,* the Supreme Court reviewed the statute to determine whether the legislature intended to provide cumulative punishment for each woman transported. The court found that the intent of the statute was to restrict the use of the highways. It held that since the legislature had failed to fix the punishment, clearly "doubt will be resolved against turning a single transaction into multiple offenses * * *." *Bell supra,* at 84. The court found that defendant's actions of transporting two women formed a single violation of the statute and defendant could not be sentenced twice for a single offense.

This analysis regarding multiple punishments for a single offense was reaffirmed in *Whalen* v. *United States* (1980), 445 U.S. 684, at 688, where the court stated:

"* * * But the question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized. See *Gore* v. *United States,* 357 U.S. 386, 390; *id.,* at 394 (Warren, C. J., dissenting on statutory grounds); *Bell* v. *United States,* 349 U.S. 81, 82; * * *"

The above analysis is also utilized in Crim. R. 8(A) to determine whether a count of the indictment contains more than one offense. Crim. R. 8(A) requires, in general, that each offense be stated in a separate count. If more than one offense is stated in a single count, the indictment suffers from duplicity. If one offense is stated in several counts of the indictment, the problem is multiplicity. The presence of these issues depends on whether a single offense or separate offenses are involved. If an indictment suffers from multiplicity and the counts are tried separately, then double jeopardy bars subsequent prosecution. See *State* v. *Wallen* (1969), 21 Ohio App. 2d 27 [52 O.O.2d 50], paragraph six of the syllabus, as follows:

"Where the offenses charged in an indictment are separate and distinct with respect to statutory definition, the constitutional inhibition against double jeopardy is not applicable."

Professor Wright in 1 Federal Practice & Procedure 311, Section 142, analyzes the issue as follows:

"The yardstick in determining whether there is duplicity or multiplicity is whether one offense or separate offenses are charged, and as the examples given thus far indicate, this is a difficult and subtle question. The test announced most often in the cases is that offenses are separate if each requires proof of an additional fact that the other does not. This seems of little value as a test. The real question is one of legislative intent, to be ascertained from all the data available. Since a determination that separate offenses are involved makes possible multiple punishment for the same conduct, unless Congress has indicated clearly that it contemplates separate crimes doubt will be resolved against turning a single transaction into multiple offenses."

A review of R.C. 2925.11 indicates that the legislature intended to proscribe possession of any controlled substance. Possession is the prohibited conduct and absent legislative mandate that each substance possessed simultaneously creates a separate offense, doubts must be resolved in favor of the defendant. See *State* v. *Young* (1980), 62 Ohio St. 2d 370, 374 [16 O.O.3d 416]. We, therefore, find that the simultaneous possession of several controlled substances constitutes a single offense.

Several other jurisdictions have addressed this issue with regard to similar

drug abuse legislation. Although the jurisdictions are not all in agreement, we find the analysis provided by those courts finding a single offense comports with statutory interpretation. See *State* v. *Butler* (1970), 112 N.J. Super. 305, 271 A. 2d 17, where the court, at 18, states that:

"This single act of possession, which occurred at one time and in one place, cannot be the basis of multiple offenses. It would do violence to the Legislature's intent to say that if a person had ten different types of narcotic drugs in his possession at one time that he would be guilty of ten separate crimes. If such were the intent, the Legislature would have said so in clear language."

See, also, *State* v. *Flaherty* (1978), 33 Ore. App. 251, 576 P. 2d 31, and *People* v. *Manning* (1978), 71 Ill. 2d 132, 374 N.E. 2d 200, where the court, at 201-202, in support of its holding that the simultaneous possession of more than one type of controlled substance constituted a single offense and allowed imposition of only one sentence for possession, cited *Braden* v. *United States* (C.A. 8, 1920), 270 F. 441, and quoted the following:

" 'Counsel for the United States contend that the words "any of the aforesaid drugs," as used in section 8, permit him to base a count upon each drug found in the possession of the defendant although the drugs were all found at the same time and place. We do not think that any such significance can be given to the word "any." The use of this word simply means that, if the defendant under the required circumstances should be found in possession of any of said drugs, he would be guilty. If a person steals four horses from the barn of another, all being of different color, it would not be competent to charge the thief with four different larcenies when the horses were all taken at the same time and place. Another illustration would be the larceny of articles of merchandise from a store. If twelve articles were all taken at the same time and place, we do not think it would be competent to charge the thief with twelve different larcenies.' 270 F. 441, 443-44."

See, also, *State* v. *Fisher* (1977), 52 Ohio App. 2d 133 [6 O.O.3d 99], where the court held that the simultaneous taking of several species of fish in one net constituted a single offense. Also in *State* v. *Sanders* (1978), 59 Ohio App. 2d 187 [13 O.O.3d 209], the court held that the receipt at the same time of four items of stolen property permitted only one conviction in violation of R.C. 2913.51(A).

The court in *State* v. *Williams* (Mo. App. 1976), 542 S.W. 2d 3, rejected the analysis of *Braden* v. *United States, supra,* and found that the statutory language "any controlled substance" indicates a legislative intent that each substance possessed is an unlawful act. The court supported its decision that separate offenses occurred because the drugs involved were contained in two different schedules. Supporting this position, see *State* v. *Collier* (Tenn. 1978), 567 S.W. 2d 165, and *State* v. *Meadors* (Mont. 1978), 580 P. 2d 903.

We find that the reasoning in *Braden* v. *United States, supra,* and *United States* v. *Davis* (C.A. 5, 1981), 656 F. 2d 153, is more persuasive. The court in *United States* v. *Davis, supra,* at 160, addressed this issue and stated the following:

"* * * The purpose of the scheduling, however, is not solely to set penalties for violation, but rather to control the substances themselves.

"* * *

"* * * It would be curious to allow single sentencing for possession of heroin and marijuana simply because they happen to fall in the same schedule, yet allow multiple sentencing for possession of marijuana and quaaludes, simply because they fall in different schedules."

We, therefore, reject the arguments of the prosecution and find that the intent behind R.C. 2925.11 in a case, as the one *sub judice,* involving the simultaneous possession by defendant of three controlled substances in violation of R.C.

2925.11, involves one offense permitting a single punishment. Defendant, having once been placed in jeopardy may not be prosecuted again. The prosecution's first assignment of error is not well-taken.

The state's second assignment of error involves the application of R.C. 2941.25 which provides as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

In light of our holding in the first assignment of error that the simultaneous possession of several controlled substances constitutes one offense, R.C. 2941.25, which applies to "two or more allied offenses" is not applicable to the case *sub judice*. Therefore, the second assignment of error is without merit.

On consideration whereof, the court finds that the trial court properly dismissed the indictment against the defendant on the grounds that jeopardy had previously attached for the same offense. The judgment of the Erie County Court of Common Pleas is affirmed.

*Judgment affirmed.*

CONNORS, P.J., POTTER and BARBER, JJ., concur.

CONNORS, P.J., concurring. I concur with the decision of my colleagues and their excellent analysis of the law of the case *sub judice*. I only add this concur-

rence to emphasize the factuality of the case. It is obvious that a breakdown of communication occurred which prevented the state from pursuing the type of prosecution it ultimately did.

The state could have pursued an indictment under R.C. 2925.11 for any *one* of the proscribed drugs. The arresting officer issued the citation for possession of marijuana on April 5, 1981; the appellee went to the municipal court on April 6, 1981, "paid out" the fine and costs, signing the usual waivers and entered his plea of guilty. At that point jeopardy attached. Subsequently, the police department had to forward the other, considered more serious drugs (cocaine and methaqualone) to the Bureau of Criminal Identification (BCI) for analysis. By the time the results, upon which the indictment was obtained, were returned, the ball game was over. Had the police department more fully cooperated with the prosecutor's office which, in turn, could have communicated with the municipal judge, the resulting penalty to the appellee could have been much more severe. Hopefully, the appellee appreciates how fortunate he is, and that this young man has learned a lesson. He has presumably incurred great expense in this entire matter and all involved have spent a great deal of time in the resolution of this case.