THE STATE OF OHIO, APPELLANT, *v.* HEDELSKY, APPELLEE.█
THE STATE OF OHIO, APPELLANT, *v.* GIBSON, APPELLEE.█

(Nos. E-85-15 and -16 — Decided December 20, 1985.)

*John A. Pfefferle,* prosecuting attorney, and *Robert M. Moore,* for appellant.

*Jeffrey I. Goldstein* and *Fredric Pinkus,* for appellee James Hedelsky.

*Patrick J. Quinn,* for appellee Gary Gibson.

RESNICK, J. These consolidated cases are before the court on appeal from judgments of the Erie County Court of Common Pleas, wherein that court granted appellees' motions to dismiss.

Appellant filed timely notices of appeal and asserts the following assignment of error as to both causes:

"The trial court erred in granting the appellees' motions to dismiss the indictments based on the constitutional prohibition against double jeopardy; violations of O.R.C. § 2925.11, involving the possession of marijuana and Wallace 2403 Soma compound w/16mg. codeine, do not constitute the same offense as violations of O.R.C. § 2925.11, involving cocaine and PCP, which are Schedule II controlled substances."

Appellees were arrested on December 14, 1984, and charged with possession of controlled substances. Appellee Hedelsky was charged in separate com-

plaints as follows: (1) that he "did knowingly possess or have under his control a controlled substance, to wit: approximately 11 grams of marijuana in a plastic bag. All being contrary to and in violation of Huron City Ordinance 513.03(B)(2)"; (2) that he "did knowingly possess a controlled substance, to wit: five tablets of Wallace 2403 Soma Compound with 16 mg. codeine, a Schedule III controlled substance all being contrary to and in violation of Ohio Revised Code 2925.11(C)(2)"; (3) that he "did knowingly have control or possession of a controlled substance, to wit: one plastic bag containing one glass vile [sic] and one ten dollar bill containing 3/10 gram phencyclidine (PCP), Schedule II all being contrary to and in violation of Ohio Revised Code 2925.11"; and (4) that he "did knowingly have control or possession of a controlled substance, to wit: a white packet containing ½ gram cocaine, Schedule II all being contrary to and in violation of Ohio Revised Code 2925.11."

The possession of marijuana charge was dismissed, and on December 21, 1984, appellee Hedelsky waived preliminary hearing on the cocaine and PCP charges, and was bound over to the Erie County Grand Jury on those charges. On January 9, 1985, the Erie County Grand Jury filed a one-count indictment charging Hedelsky with a violation of R.C. 2925.11 for possession of PCP and cocaine. On January 11, 1985, appellee Hedelsky pled no contest to the charge of possessing Soma compound, was found guilty by the Huron Municipal Court, and was sentenced to thirty days in jail. Then on January 18, 1985, Hedelsky filed a motion to dismiss the indictment for possession of PCP and cocaine. On March 13, 1985, the Erie County Court of Common Pleas granted Hedelsky's motion to dismiss the indictment.

On December 14, 1984, appellee Gibson was arrested with appellee Hedelsky and also charged with possession of controlled substances. Gibson was charged in separate complaints as follows: (1) that he "did knowingly possess or have under his control a controlled substance, to wit: approximately 8 grams of marijuana in a plastic bag. All being contrary to and in violation of Huron City Ordinance 513.03(B)(2)"; (2) that he "did knowingly possess a controlled substance, to wit: 13 tablets of 10 mg. Valium, a Schedule IV controlled substance all being contrary to and in violation of Ohio Revised Code 2925.11(C)(2)"; (3) that he "did knowingly have control or possession of a controlled substance, to wit: one plastic bag containing one glass vile [sic] and one ten dollar bill containing 3/10 gram Phencyclidine (PCP), Schedule II all being contrary to and in violation of Ohio Revised Code 2925.11"; and (4) that he "did knowingly have control or possession of a controlled substance, to wit: a white packet containing ½ gram cocaine, Schedule II, all being contrary to and in violation of Ohio Revised Code, 2925.11."

The possession of Valium charge was dismissed. During the preliminary hearing on December 28, 1984, probable cause was established as to the possession of cocaine and PCP charges, and Gibson was bound over to the Erie County Grand Jury. That grand jury handed down a one-count indictment on January 9, 1985, charging Gibson with drug abuse for possession of PCP and cocaine. On January 15, 1985, Gibson entered a plea of guilty in the Huron Municipal Court as to the charges arising out of his possession of marijuana, and he was fined one hundred dollars. On March 25, 1985, Gibson filed a motion to dismiss the indictment, and the trial court granted Gibson's motion on March 27, 1985.

The issue presented by these consolidated cases is whether the simultaneous possession of different controlled

substances can constitute separate offenses under R.C. 2925.11. If it can be said that the simultaneous possession of different types of drugs is only one offense under R.C. 2925.11 then the prosecution of appellees for their alleged possession of PCP and cocaine is barred by the principles of double jeopardy due to the prior prosecution of appellee Hedelsky for possession of Soma and the prior prosecution of Gibson for possession of marijuana, in the Huron Municipal Court. If the simultaneous possession of different drugs constitutes separate offenses under R.C. 2925.11, then the prosecution of appellees for possession of PCP and cocaine will not be barred by principles of double jeopardy.

The Double Jeopardy Clause found in the Fifth Amendment to the United States Constitution and applied to the states via the Fourteenth Amendment, and Section 10, Article I of the Ohio Constitution, prevent an individual from being prosecuted twice for the same offense. See *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O. 3d 262]. It will be noted at the outset that where a first prosecution is had in a municipal court and the second prosecution is attempted in a common pleas court, the rule of "separate sovereigns" does not apply, and if the prosecutions are for the same offense, the subsequent prosecution in the common pleas court is barred by principles of double jeopardy. *Waller* v. *Florida* (1970), 397 U.S. 387 [52 O.O.2d 320]. Therefore, the fact that in the case *sub judice* the first prosecution was in a municipal court and the second prosecution was attempted in the common pleas court does not alter our double jeopardy analysis.

The issue of whether simultaneous possession of different controlled substances constitutes a single offense or multiple offenses is not one of first impression. This court, in *State* v. *Stratton* (1982), 5 Ohio App. 3d 228, held at 231-232 that simultaneous possession of different controlled substances is a single offense under R.C. 2925.11. However, the Court of Appeals for Montgomery County has routinely held that simultaneous possession of different controlled substances constitutes separate offenses pursuant to R.C. 2925.11, for the purposes of double jeopardy. See *State* v. *Coleman* (Dec. 19, 1984), Montgomery App. No. 8623, unreported; *State* v. *Kash* (May 15, 1978), Montgomery App. No. 5815, unreported. We find that the Montgomery County Court of Appeals cases more accurately reflect the current state of the law on this issue and we hereby expressly overrule our previous holding in *State* v. *Stratton, supra.*

The case courts most often cite when confronted with the issue of whether a single act constitutes a single offense or separate offenses is *Blockburger* v. *United States* (1932), 284 U.S. 299. In that case, the United States Supreme Court held that:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304. (Citations omitted.)

This court properly held in *Stratton, supra,* that the *Blockburger* test does not directly apply to a situation where, as here, there is only one statutory section at issue, namely R.C. 2925.11. See, also, *United States* v. *Davis* (C.A. 5, 1981), 656 F. 2d 153. However, even though the *Blockburger* test cannot be applied directly to a situation where it is alleged that a single transaction constitutes separate offenses under a single statutory provision, the *Blockburger* test can be used to ascertain whether the legislature intended to have a single transaction constitute separate offenses even though they are proscribed by a

single statutory provision. See *Davis, supra.* If the legislature intended to have the possession of different types of drugs constitute different offenses, then a second prosecution for possession of a different drug will not be barred by principles of double jeopardy. See *Davis, supra.*

The statute at issue here is R.C. 2925.11. That statute provides, in pertinent part, the following:

"(A) No person shall knowingly obtain, possess, or use a controlled substance.

"* * *

"(C) Whoever violates this section is guilty of drug abuse:

"(1) If the drug involved is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, drug abuse is a felony of the fourth degree, and if the offender has previously been convicted of a drug abuse offense, drug abuse is a felony of the third degree.

"(2) If the drug involved is a compound, mixture, preparation, or substance included in schedule III, IV, or V, drug abuse is a misdemeanor of the third degree, and if the offender has previously been convicted of a drug abuse offense, drug abuse is a misdemeanor of the second degree.

"(3) If the drug involved is marihuana, drug abuse is a misdemeanor of the fourth degree, unless the amount of marihuana involved is less that one hundred grams, the amount of marihuana resin, or extraction or preparation of such resin, is less than five grams, and the amount of such resin in a liquid concentrate, liquid extract, or liquid distillate form, is less than one gram, in which case drug abuse is a minor misdemeanor."

Applying the *Blockburger* test to ascertain whether the Ohio Legislature intended to have simultaneous possession of different drugs constitute separate offenses under R.C. 2925.11, we find that the legislature intended that the simultaneous possession of certain drugs can constitute separate offenses. Under the provisions of R.C. 2925.11(C)(1), possession of cocaine and/or PCP is a felony. Under R.C. 2925.11(C)(2), possession of Soma is a third-degree misdemeanor. Under R.C. 2925.11(C)(3), possession of less than one hundred grams of marijuana is a minor misdemeanor. Proof of possession of marijuana will not sustain a conviction for possession of cocaine and/or PCP, nor for possession of Soma. Likewise, proof of possession of PCP and/or cocaine would not sustain a conviction for possession of marijuana or Soma. Therefore, conviction of a felony under R.C. 2925.11(C)(1) requires proof of facts that R.C. 2925.11(C)(2) or (C)(3) does not. Since different facts are required to be proven to sustain a conviction under the different subsections, we can conclude via the *Blockburger* test that the legislature intended the possession of the different drug groups to constitute different offenses. See *State* v. *Coleman, supra; State* v. *Kash, supra.* This court specifically holds that possession of a substance or substances in Schedule I or II is a single and separate offense under R.C. 2925.11. Possession of a substance or substances included in Schedule III, IV or V is a single and separate offense under R.C. 2925.11. Possession of marijuana is a single and separate offense under R.C. 2925.11.

In light of the above holding we find that appellee Hedelsky's prosecution for possession of Soma compound did not bar the state's subsequent prosecution against him for his alleged possession of PCP and cocaine. Likewise, we find appellee Gibson's prosecution for possession of marijuana did not bar the state's subsequent prosecution against him for possession of cocaine and PCP.

Accordingly, we find appellant's sole assignment of error is well-taken.

The judgment of the trial court is reversed.

*Judgment reversed.*

CONNORS, P.J., and HANDWORK, J., concur.