OPINION
Appellant, Brad L. Cooper, appeals a judgment of conviction and sentence in the Court of Common Pleas of Marion County on two felony counts of theft in violation of R.C. 2913.02(A)(1). For the reasons that follow, we affirm the judgment of the trial court.
In October, 1998, Appellant established a health insurance company known as IEC Benefits Administrators (IEC), of which he was the president. Shortly thereafter, Appellant's company acquired Tri-Rivers Career Center (Tri-Rivers) and Fairfield Engineering (Fairfield) as clients. IEC's task for these clients was to act as a third party administrator, whereby IEC received money in a fiduciary capacity from both Tri-Rivers and Fairfield to make payments to third party medical providers and insurance companies.
Shortly after establishing IEC, Appellant began using his position at IEC to gain access to and steal his clients' money. Essentially, Appellant would authorize the payment of medical claims, but instead of paying the medical providers and insurance companies, Appellant would remove the money from an escrow account and keep it for himself, in part to support a cocaine addiction. From March 5, 1999 through November 8, 1999, Appellant stole approximately $258,757.76 from Tri-Rivers and from July 22, 1999 through November 12, 1999, Appellant stole approximately $38,393.00 from Fairfield. At the time the offenses occurred, IEC was operating with monthly expenses of approximately twenty thousand dollars, while earning only five thousand dollars in revenue.
On December 22, 1999, Appellant was indicted on one count of theft in violation of R.C. 2913.02(A)(1), a third degree felony and one count of theft in violation of R.C. 2913.02(A)(1), a fourth degree felony. Appellant entered a plea of not guilty to both charges on December 28, 1999. Thereafter, on May 4, 2000, Appellant withdrew his not guilty plea and pled guilty to both charges, which the trial court accepted. At the sentencing hearing on May 11, 2000, the trial court sentenced Appellant to a maximum term of five years in prison on the third degree felony theft offense, to be served consecutively to a maximum term of eighteen months in prison on the fourth degree felony theft offense. The trial court entered judgment on May 16, 2000.
Appellant timely appealed the judgment of the trial court, asserting five assignments of error for our review.
 Assignment of Error No. 1 The trial court erred to the prejudice of Defendant-Appellant by convicting Defendant-Appellant of both counts of the indictment pursuant to R.C. 2941.25
Appellant claims that the two theft offenses in violation of R.C.2913.02(A)(1) constituted one continuous act and, as such, cannot be divided into separate acts even though multiple victims were involved. Appellant argues that because the offenses constituted one continuous act, they are allied offenses of similar import pursuant to R.C. 2941.25. Therefore, Appellant maintains he was improperly convicted of both offenses. In response, the State argues that Appellant waived this argument on appeal because he failed to raise an objection in the trial court.
The law is clear that the failure to raise an objection in the trial court concerning allied offenses of similar import pursuant to R.C.2941.25, "constitutes a waiver of the error claimed." State v. Comen
(1990), 50 Ohio St.3d 206, 211; see, also, State v. Garrison (1997),123 Ohio App.3d 11, 15 and State v. Houston (1997), 122 Ohio App.3d 334,336. Because the record does not demonstrate Appellant raised such an objection in the trial court, the issue is waived on appeal.
Notwithstanding the waiver on appeal, we will briefly address the merits of Appellant's claim that the offenses are allied offenses of similar import. Multiple counts are addressed in R.C. 2941.25, which states:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In support of his argument, Appellant cites a decision by the Tenth district Court of Appeals in State v. Coffman (1984), 16 Ohio App.3d 200. In Coffman, the defendant was convicted of two counts of theft after stealing money from two purses, each belonging to a different victim, but left in the same automobile. In reversing, the court held that "it is error for the trial court to sentence defendant for two separate theft offenses, as the thefts constituted a single act with a singular intent and should have merged under R.C. 2941.25(A)." Id., at paragraph two of the syllabus. Appellant also cites a decision by the Sixth District Court of Appeals in State v. Fisher (1977), 52 Ohio App.2d 133, for the same proposition.
These cases, however, are distinguishable from the instant case. In both Coffman and Fisher, the defendant committed a single act with a singular intent, albeit with multiple victims. Despite Appellant's argument that he committed the theft offenses at the same location and time, the record herein demonstrates otherwise. Appellant was involved in stealing money from Tri-Rivers from March 5, 1999 through November 8, 1999 and was involved in stealing money from Fairfield from July 22, 1999 through November 12, 1999.
Although there were periods where the theft offenses apparently overlapped, there were also periods where the offenses occurred separately. R.C. 2941.25(B) clearly provides that a defendant may be convicted of all such offenses where his or her conduct results in two or more offenses of the same or similar kind, committed separately. Because there were periods where the theft offenses here were committed separately, they are not allied offenses of similar import. Therefore, the trial court did not err in convicting and sentencing Appellant for both offenses.
Accordingly, Appellant's first assignment of error is not well taken and is therefore overruled.
For clarity purposes, we will address Appellant's remaining assignments of error together.
 Assignment of Error No. 2 The trial court erred to the prejudice of Defendant-Appellant by imposing a prison term for the offense of Theft, R.C. 2913.02(A)(1), a felony of the fourth degree.
 Assignment of Error No. 3 The trial court erred to the prejudice of Defendant-Appellant by imposing a maximum prison term for the offense of Theft , R.C. 2913.02(A)(1), a felony of the third degree.
 Assignment of Error No. 4 The trial court erred to the prejudice of Defendant-Appellant by imposing a maximum prison term for the offense of Theft, R.C. 2913.02(A)(1), a felony of the fourth degree.
 Assignment of Error No. 5 The trial court erred to the prejudice of Defendant-Appellant by imposing consecutive sentence.
With respect to felony sentencing, R.C. 2953.08(G)(2) provides that a reviewing court may review, reduce, modify, or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds:
 (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
(b) That the sentence is otherwise contrary to law.
The sentencing court is also guided by R.C. 2929.13, which states in pertinent part:
* * *
 (B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321 [2907.32.1], 2907.322 [2907.32.2], 2907.323 [2907.32.3], or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
* * *
R.C. 2929.14(E)(4), which addresses consecutive sentencing, states in relevant part:
* * *
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Finally, R.C. 2929.14(B), which addresses maximum sentencing for offenders who have not previously served a prison term, states:
 Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
Appellant claims that the trial court failed to comply with the sentencing guideline factors as set forth in R.C. 2929.11 through R.C.2929.18. Specifically, Appellant argues that the trial court failed to set forth its findings regarding the seriousness and recidivism factors contained in R.C. 2929.12. Appellant also argues that the trial court failed to set forth its reasoning for sentencing Appellant to a prison term for the fourth degree felony offense pursuant to R.C. 2929.19(B)(2)(a) and R.C. 2929.13(B)(1). Finally, Appellant argues that the trial court failed to set forth its reasoning for imposing maximum consecutive sentences pursuant to R.C. 2929.14 and R.C. 2929.19(B)(2)(c), (d).
The record herein demonstrates that at the sentencing hearing on May11, 2000 and in its judgment entry filed May 16, 2000, the trial courtstated that it considered the purposes of felony sentencing set forth inR.C. 2929.11 and the seriousness and recidivism factors set forth inR.C. 2929.12. With respect to the seriousness and recidivism factors tobe considered, the Supreme Court of Ohio stated that "[t]he Code does notspecify that the sentencing judge must use specific language or makespecific findings on the record in order to evince the requisiteconsideration of the applicable seriousness and recidivism factors."State v. Arnett (2000), 88 Ohio St.3d 208, 215.
In that light, with respect to the seriousness of the offenses, the trial court found that Appellant held a position of trust as President of IEC. The trial court also found that the victims suffered serious harm as a result of the theft offenses. With respect to Appellant's likelihood to commit future crimes, the trial court found that Appellant was previously convicted of embezzlement, for which he was placed on probation for a period of thirty months. Therefore, we find that the record demonstrates that the trial court properly considered the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12 in sentencing Appellant for both theft offenses.
Additionally, R.C. 2929.19(B)(2)(a) provides that trial courts shallset forth reasons for imposing prison sentences for fourth degreefelonies based on the overriding purposes of R.C. 2929.11 and shallindicate whether any of the factors in R.C. 2929.13(B)(1) are present.See, also, State v. Edmonson (1999), 86 Ohio St.3d 324, 326. Despite Appellant's argument that the trial court failed to make a finding pursuant to R.C. 2929.13(B)(1), the record demonstrates otherwise. At the sentencing hearing, the trial court correctly found that Appellant held a position of trust pursuant to R.C. 2929.13(B)(1)(d).
Although the trial court did not specifically refer to R.C. 2929.13, it properly set forth reasons for imposing a prison term pursuant to R.C.2929.19(B)(2)(a), which clearly indicate a reliance upon one of the factors in R.C. 2929.13(B)(1). To require otherwise would impose an unnecessary additional obligation on the trial court in sentencing felony offenders in accordance with Chapter 2929, which already demands strict compliance in the specified respects.
The record also demonstrates that the trial court properly followed the sentencing guidelines in imposing maximum sentences. Pursuant to R.C.2929.14(B), the court stated that the shortest prison terms will demean the seriousness of Appellant's conduct or will not adequately protect the public from future crimes by Appellant or others. Additionally, pursuant to R.C. 2929.14(C), the court stated that the longest prison terms are appropriate because Appellant committed one of the worst forms of the offense and poses the greatest likelihood for committing future crimes.
The trial court also properly followed the sentencing guidelines in imposing consecutive sentences. Pursuant to R.C. 2929.14(E)(4), the court stated that the consecutive sentences are necessary to protect the public from future crimes, to adequately punish Appellant and are not disproportionate to the seriousness of Appellant's conduct and to the danger this poses to the public. Pursuant to R.C. 2929.14(E)(4)(c), the trial court also found that Appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by Appellant.
In support of the imposition of the maximum consecutive sentences, the trial court reasoned that Appellant had a prior embezzlement conviction, was in a position of trust when he committed the offenses and apparently falsified an application to become licensed in his position.
After reviewing the entire record herein, we find that the trial court properly complied with the sentencing guidelines set forth in Revised Code Chapter 2929 in sentencing Appellant for the third and fourth degree felony theft offenses, that the record supports the trial court's findings, and that the sentence is not contrary to law.
Accordingly, Appellant's second, third, fourth and fifth assignments of error are not well taken and are therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 ________________________ WALTERS, J.
HADLEY, P.J. and BRYANT, J., concur.