THE STATE OF OHIO, APPELLEE, v. WARE, APPELLANT.

[Cite as State v. Ware (1977), 53 Ohio App. 2d 210.]

(No. 8311—Decided June 15, 1977.)

*Mr. Stephan M. Gabalac,* prosecuting attorney, and *Mr. Carl M. Layman,* for appellee.

*Mr. James L. Burdon,* for appellant.

MAHONEY, P. J. Joseph Ware appeals his jury convictions for two counts of rape and one count of kidnapping. We affirm.

*Facts*

The chief prosecuting witness and victim was a thirteen year old girl. She testified that she met her assailant, Joseph Ware, in her girlfriend's home. The introduction was through Corey Frazier, her own boyfriend. The group then accompanied Corey to the marine recruiting office where they left him and returned to the girlfriend's home. She said she was then lured to the defendant's residence by his statement that he had a telephone which she could use to call home for someone to pick her up. Once there, the defendant admitted that he did not have a phone.

The defendant made approaches to her, which she resisted. He then picked her up bodily and carried her to an upstairs bedroom. Under threats of violence, she un-

dressed and submitted to acts of vaginal and anal intercourse. The medical examination revealed sperm in her vagina and a scientific testing of her panties indicated the presence of seminal fluid. Afterward, the defendant escorted Tava to her girlfriend's home. She then reported the acts to her father who seized the defendant after a short chase.

Ware testified that he spent the day drinking beer with the victim and Corey. The majority of the time was allegedly spent shooting pool in Rienzi's bar. He denied having intercourse with the victim.

*First and Second Assignments of Error*

"1. It was error to charge the Defendant with two counts of rape.

"2. It is error to permit the jury to find the defendant guilty of two separate counts of rape."

The defendant contends that the sexual conduct all occurred at one time and place. He argues that there was no lapse or abandonment of purpose. He says there was but one animus and one continuous act of rape regardless of the number of penetrations or pauses to change positions. He also urges the court to apply R. C. 2941.25(A) and find him guilty of only one count if the court determines he could properly be indicted for two separate counts of rape.

The victim testified to a separate act of vaginal intercourse before the anal penetration. We hold that the entry into two bodily orifices constituted two separate acts of rape.

The phrase "two or more allied offenses of similar import" as set forth in R. C. 2941.25(A) is not applicable here. That section covers those situations where a singular criminal act constitutes more than one crime. The situation here falls under R. C. 2941.25(B), " * * * two * * * offenses of the same or similar kind committed separately * * *." The commission of the anal rape after the vaginal rape satisfies the requirement that separate offenses be committed at different times.

*Third Assignment of Error*

"It was error to permit the jury to find defendant guilty of rape and kidnapping."

R. C. 2905.01 provides, in part:

"(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes: * * *

"(4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against his will; * * *."

We need not determine whether the physical restraint to commit the act of rape is also sufficient for the crime of kidnapping. There are separate restraints here such as physically carrying the victim upstairs to a bedroom and using deception to remove her from the place where she was found. Threats of force and violence were also used to compel the victim to remain as well as to submit. We have here "* * * two offenses of dissimiliar import * * *" as provided in R. C. 2941.25(B) and the defendant could properly be found guilty of each. The rape and kidnapping were separate and distinct offenses. There was no merger here and *Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238, does not apply.

*Fourth Assignment of Error*

"The verdicts of guilty were against the weight of the evidence."

It is, of course, not our function to retry the issues of fact or determine credibility. The record here contains sufficient credible and probative evidence to support the jury's verdict.

We overrule all four assignments of error and affirm the judgment.

*Judgment affirmed.*

BELL and VICTOR, JJ., concur.