THE STATE OF OHIO, APPELLEE, *v.* SANDERS, APPELLANT.

(No. 8670—Decided May 10, 1978.)

Mr. Stephan M. Gabalac, prosecuting attorney, and Mr. Marc R. Wolf, for appellee.

Mr. Robert J. Croyle, for appellant.

VICTOR, J. This appeal is brought from a jury verdict and judgment entered thereon finding defendant-appellant, Eric S. Sanders, guilty of four counts of receiving stolen property (R. C. 2913.51).

On June 16, 1977, at approximately 11 p. m., defendant entered Big Al's poolroom on Copley Road. Defendant testified that he was approached by a person known to him as "John," who indicated that he had some items for sale. The goods offered for sale were one citizen's band radio, two ten-speed bicycles and a power lawnmower. John told Sanders that if he found anyone interested in purchasing the goods to have them contact him (John). Defendant agreed and left the poolroom shortly thereafter.

When Sanders left the hall, he noticed a white Cadillac parked across the street near Carter's Lounge. The car belonged to Lionel Alexander, an acquaintance of the defendant. Defendant entered Carter's Lounge and requested a ride home from Alexander. The record evinces conflicting testimony at this point.

Sanders testified that he discussed the items which John had for sale with Alexander and that Alexander subsequently purchased them for $50 from John. Alexander testified that Sanders asked him for the keys to his car so that defendant could put something in the trunk. Alexander further stated that he found his car trunk open when he went to the parking lot with a friend, Milton Mitchell, and a bicycle was exposed. The three men got into Alexander's car and proceeded down Copley Road.

At approximately 1:30 a. m., Alexander's car was stopped by Akron Police detectives Edward Duvall and John Blouir for running a stop sign. Detective Duvall testified that as the car went through the stop sign he could see several bicycles in the trunk. When officer Duvall approached the vehicle, he observed a lawnmower on the back seat. Alexander testified that the items belonged to the defend-

ant. Sanders told the officers that he did not know who owned the property and that he obtained it from "some dude on Copley Road," known as "John."

The detectives instructed Alexander and Mitchell to go to the police station. Defendant was taken back to Big Al's poolhall and Carter's Lounge in an attempt to locate "John." The officers found no one matching John's description.

Defendant was indicted on four counts of receiving stolen property. Prior to trial, defense counsel moved to consolidate the four counts into one count. The trial court overruled this motion and after a jury trial defendant was found guilty of all four counts. Sanders was sentenced to from two to five years on each count to be served concurrently and was then sentenced to from four to twenty-five years for a prior aggravated burglary conviction for which he was on probation. This sentence is to be served consecutively with the sentence in the instant case.

Defendant appeals his convictions and alleges as error:

"1. The conviction and sentence of appellant on four separate counts of receiving stolen property for the same transaction and from the same source was in violation of the jeopardy clause of the Fifth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution and Ohio Revised Code Sec. 2941.25(A).

"2. The trial court committed prejudicial error in failing to give a limited instruction to the jury concerning the admissibility of appellant's previous conviction for aggravated burglary in violation of appellant's right to due process of law under the Fourteenth Amendment to the United States Constitution, Ohio Constitution, Article I, Section 10 and in violation of Ohio Revised Code Section 2945.11 and 59."

During trial, the state introduced testimony showing that the items found in defendant's possession belonged to four different owners and were taken in three separate theft offenses. The two bicycles were stolen together from the same garage. The gravamen of defendant's claim is

that he cannot, as a matter of law, be convicted of four counts of receving stolen property when he received all items at the same time, from the same source in a single transaction. This question is one of first impression for this court.

R. C. 2941.25(A) provides:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

The thrust of this section is to prevent "shotgun" convictions, situations where a singular criminal act constitutes more than one crime. *Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238; accord, *State* v. *Ware* (1977), 53 Ohio App. 2d 210. The test for determining if R. C. 2941.25(A) is applicable is whether each offense requires proof of an additional element that is not present within the other offenses, *e. g. State* v. *Smith*, unreported, Ninth Appellate District, No. 1384, decided November 19, 1975.

The state argues that Sanders' one act of receiving stolen property is "four * * * offenses of the same kind * * *" committed with a separate animus under R. C. 2941.25(B). The prosecution compares the instant situation to cases of robbery and larceny and contends that the number of victims invariably determines the number of crimes charged. We disagree.

In *Smith* v. *State* (1898), 59 Ohio St. 350, our Supreme Court negated the equation between the number of victims and the crimes charged when there is only a singular criminal act involved. In *Smith* v. *State, supra,* cited with approval in *State.* v. *Botta* (1971), 27 Ohio St. 2d 196, the high court was faced with the exact inverse of the instant case. It held that the receiving or concealing of different articles of property at different times and on separate occasions are distinct offenses and cannot be prosecuted as one crime. The court in *Smith* v. *State, supra,* elaborated further at page 358:

"* * * While it is true that the stealing from different owners at different times, however slight the interval, con-

stitute several offenses, a larceny of several articles may be committed by the same act, so as to constitute but one offense, though they are the property of different owners."

Applying this rationale here, we hold that the defendant, as a matter of law, cannot be convicted of four separate crimes of receiving stolen property, when he received the items at the same time, from the same source in the same transaction. While the state proved beyond a reasonable doubt that defendant is guilty of one count of receiving stolen property, they offered no evidence to show that defendant harbored a separate animus toward each individual owner, or that Sanders participated in the commission of the original theft offenses. Whether one or one hundred items are received simultaneously, the elements of proof required for a conviction under R. C. 2913.51(A) remain twofold.

"No person shall receive, retain, or dispose of property of another, knowing or having reasonable cause to believe it has been obtained through commission of a theft offense."

The record is replete with evidence to show that the defendant received and retained the property of another. Clara Wheat, Rhonda Brown, Jeannie Quinn and Kenneth Wyckoff testified for the prosecution that they recently had their property stolen. This testimony established that the items found in Sanders' possession were the "property of another." This coupled with Alexander's testimony and defendant's own admission that he received the property from "John," provided the jury with ample credible evidence to establish the first element of proof.

Sanders' unexplained possession of recently stolen property together with the low purchase price of $50 sustains the inference that defendant had knowledge that the property was stolen. Cf. United States v. Prujansky (C. A. 6, 1969), 415 F. 2d 1045, 1051. We find, therefore, that the prosecution also succeeded in proving the second element, and that Sanders had reasonable cause to believe that the property he received from "John" was obtained through the commission of a theft offense.

Since defendant's singular criminal act is capable of

being construed as "two or more allied offenses of similar import," within the meaning of R. C. 2941.25(A), Sanders can be convicted of only one count of receiving stolen property. See, *State* v. *Fisher* (1977), 52 Ohio App. 2d 133; accord, *State* v. *Fischer* (1977), 52 Ohio App. 2d 53. Here, the different factual contexts regarding the thefts "merged" to prove the same statutory element, that defendant received the "property of another."

The thief's action in this case certainly constitutes "* * * two or more offenses of the same or similar kind" committed separately or with a separate animus under R. C. 2941.25(B). However, this same culpable mental state cannot be ascribed to the receiver when the state offers no proof that defendant had knowledge of circumstances which would show that he was aware that there were three separate thefts. (R. C. 2901.22.)

This construction of R. C. 2941.25 comports also with the United States and Ohio constitutional prohibitions against double jeopardy which protect the individual against multiple punishments for the same offense. See, *North Carolina* v. *Pearce* (1969), 395 U. S. 711.

The state argues that, even if we agree that defendant was improperly convicted of four separate crimes of receiving stolen property, we must find the error harmless (Crim. R. 52). This argument is predicated on defendant's receiving essentially the same sentence he would have received had he been convicted of only one count since the sentences will run concurrently. We find this position untenable. It is well settled that a multiplicity of sentences impairs a prisoner's opportunities for pardon and parole. *United States* v. *Machibroda* (C. A. 6, 1964), 338 F. 2d 947, 949.

We find that the trial court should have granted defendant's motion to consolidate the four counts into one. For the foregoing reasons, we conclude that defendant, as a matter of law, can be convicted of only one count of receiving stolen property. The facts surrounding the separate theft offenses "merge" under the receiving statute R. C. 2913.53, where, as here, defendant had no knowledge

of the number of thefts and received the property in a single continuous transaction from the same source at the same time.

The second assignment of error is without merit. Prior to trial, defense counsel stipulated that defendant pled guilty to a previous charge of aggravated burglary. Sanders' previous conviction was properly admitted as an additional element of the crime charged, pursuant to R. C. 2945.75, to upgrade the charges from a misdemeanor of the first degree to a felony of the fourth degree. The prosecution's reference to defendant's prior conviction is permissible where its sole purpose is to impose greater punishment. See, *State* v. *Gordon* (1971), 28 Ohio St. 2d 45.

In the absence of plain error under Crim. R. 52(B), we will not consider an error in the failure to give limiting instructions, unless defense counsel timely objects to the charge, before the jury retires to consider its verdict pursuant to Crim. R. 30. *State* v. *Lockett* (1976), 49 Ohio St. 2d 48. This rule is applicable to alleged constitutional defects in the charge as well. *Cf. State* v. *Williams* (1977), 51 Ohio St. 2d 112.

Here, defense counsel requested no limiting instruction and indicated that he was "satisfied" with the instructions. We hold, under these circumstances, that defendant waived any objection to the jury instructions and failed to demonstrate any prejudicial error.

Accordingly, we reject defendant's second assignment of error. We reverse the judgment and remand this cause to the trial court to vacate three of defendant's sentences in accordance with this opinion.

*Judgment accordingly.*

MAHONEY, P. J., and BELL, J., concur.