THE STATE OF OHIO, APPELLEE, *v.* MOORE, APPELLANT.

(No. C-810543—Decided June 9, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. William E. Breyer* and *Mr. Leo Hildebrandt,* for appellee.

*Mr. Michael P. O'Connor,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Defendant-appellant, Willie Moore, was indicted for two counts of aggravated robbery in violation of R.C. 2911.01 and two counts of carrying concealed weapons in violation of R.C. 2923.12. After trial by jury, defendant was acquitted of both counts of aggravated robbery and convicted of both counts of carrying concealed weapons. Defendant was sentenced to two consecutive terms of three to ten years in the Ohio Penitentiary. Defendant timely appeals this judgment.

Defendant was arrested on March 20, 1981 while he was a passenger in the front seat of an automobile being operated by a friend. At that time, defendant was being sought in connection with a robbery which took place February 12, 1981. It was the testimony of the arresting officer that defendant was also the object of at least one bench warrant in connection with traffic violations. After defendant was arrested, the operator of the automobile informed the arresting officer that defendant had placed a plastic bag containing

two pistols in the glove compartment of the automobile. The loaded, operable pistols were subsequently found in the glove compartment. Defendant was charged with two counts of carrying concealed weapons, one for each pistol found.

Defendant brings three assignments of error on this appeal. The first assignment is that it was plain error for the court below to allow the state to produce evidence of the bad character of defendant in its case-in-chief. This assignment of error is not well-taken.

The testimony referred to in this assignment consisted of the statement of the arresting officer that, on the date of the arrest, defendant was wanted for questioning in connection with an investigation of an armed robbery. The armed robbery alluded to was the incident for which defendant was ultimately indicted and tried (counts one and two). Under these circumstances, the admission of this testimony does not rise to the level of plain error. This assignment of error is overruled.

The second assignment of error is that the judgment of conviction was contrary to law and against the manifest weight of the evidence. This assignment of error is not well-taken.

"A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proved beyond a reasonable doubt." State v. Eley (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. The record before this court reveals that there was such substantial evidence introduced by the state upon which the jury could conclude that the elements of the weapons offenses for which defendant was charged had been proven beyond a reasonable doubt. We also find that, subject to our disposition of the third assignment of error, the judgment was not contrary to law. This assignment of error is overruled.

The third assignment of error is that the court below erred in entering separate judgments of conviction and separate sentences for each charge of carrying concealed weapons. We find this assignment to be well-taken.

R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Defendant contends that the two carrying concealed weapons charges were allied offenses of similar import and, therefore, the court below erred in imposing separate convictions and multiple sentences for them. The state does not dispute defendant's characterization of these offenses as allied offenses within the meaning of R.C. 2941.25 (A). However, the state maintains that defendant's conduct in placing the pistols in the glove compartment resulted in "two or more offenses of the same or similar kind committed * * * with a separate animus as to each." Thus, it contends that separate convictions and multiple sentences were permissible under R.C. 2941.25 (B). We cannot agree with the contention that separate animi were present on the facts as presented herein.

The Supreme Court of Ohio has defined "animus" as used in R.C. 2941.25 (B) to mean purpose or, more properly, immediate motive. State v. Logan (1979), 60 Ohio St. 2d 126 [14 O.O.3d 373]. The purpose or immediate motive of defendant in placing the plastic

bag containing two pistols in the glove compartment where they were found must have been to conceal both weapons simultaneously. Under these circumstances, we fail to see the divisible nature of the instant motive. The assignment of error is well-taken.

It is the decision of this court that the judgment appealed from be reversed and remanded for resentencing in accordance with our disposition of the third assignment of error. The judgment is affirmed in all other respects.

*Judgment accordingly.*

PALMER, P.J., KEEFE and KLUSMEIER, JJ., concur.