OPINION
Defendant, Rudolph L. Hipple, appeals from his convictions on three counts of Carrying Concealed Weapons, R.C. 2923.12(A).
On January 16, 1998, Hipple was stopped by Trooper Jeffrey Kramer of the Ohio State Highway Patrol on Interstate Route 75 for a traffic violation. Trooper Kramer asked Hipple to sit in his cruiser while he issued a citation. Before he put Hipple in his cruiser, Trooper Kramer asked Hipple if he had any weapons on his person. Hipple replied that he did, and directed Trooper Kramer to where three loaded firearms were concealed there. Trooper Kramer then retrieved a .45 caliber handgun from the right-side waistband of Hipple's pants, a .380 caliber handgun from a holster on his left side, and a .22 caliber handgun from a pocket of the "fatigue pants" that Hipple wore.
Hipple was charged by indictment with three counts of Carrying Concealed Weapons, R.C. 2923.12(A). Hipple waived a jury and was tried to the court. Hipple asserted the affirmative defense of self-protection authorized by Division (C)(2) of R.C.2923.12. The trial court found Hipple guilty of all three counts and entered judgments of conviction on each. Hipple was sentenced to a term of community control.
Hipple filed a timely notice of appeal, and now presents two assignments of error.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY NOT MERGING THE THREE COUNTS OF CARRYING A CONCEALED WEAPON INTO A SINGLE OFFENSE FOR DEFENDANT.
The protections against double jeopardy afforded by the United States and Ohio Constitutions are embodied in R.C. 2941.25.State v. Moore (1996), 110 Ohio App.3d 649. Division (A) of that section states:
 Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
Because the same statutory violation is involved in each of the three offenses with which Hipple was charged, they are "allied offenses of similar import" for purposes of R.C. 2941.25(A). Therefore, the three offenses must be merged into one conviction pursuant to that section unless they were committed separately or with a separate animus as to each. City of Newark v. Vizirani
(1990), 48 Ohio St.3d 81.
Hipple did not ask the trial court to merge his offenses. The State, relying on State v. Comen (1990), 50 Ohio St.3d 206, argues that any error in the court's failure to merge the offenses into a single conviction is waived thereby.
In Comen, supra the Supreme Court ruled that the defendant's failure to raise the issue of merger in the trial court operated to waive the error in his appeal to the Supreme Court, notwithstanding the fact that he had raised it in the court of appeals. Notably, the Supreme Court did not hold that the court of appeals should have held likewise. The court in Comen relied on the rule set out in State v. Williams (1977), 51 Ohio St.2d 122, which applied the express provisions of Crim.R. 30 that waives any error in failing to object to a court's instruction to the jury.
The Eighth District Court of Appeals has consistently citedComen as authority to hold that failure to request merger of allied offenses pursuant to R.C. 2941.25(A) waives any error in the trial court's failure to order merger. State v. Perkins
(1994), 93 Ohio App.3d 672. State v. Hamann (1993), 90 Ohio App.3d 654.State v. Powell (1993), 87 Ohio App.3d 157. However, the Tenth District Court of Appeals has applied the plain error analysis to review a failure to merge offenses when no request or objection was made in the trial court. State v. Houston (1997),122 Ohio App.3d 334.
Error that is waived may, nevertheless, be noticed as plain error pursuant to Crim.R. 52(B). The power to notice plain error is discretionary. State v. Wickline (1990), 50 Ohio St.3d 114. Plain error does not exist unless it can be said that but for the error, the outcome of the trial clearly would have been otherwise.State v. Long (1978), 53 Ohio St.2d 91.
Error which permits the court to enter multiple convictions instead of but one qualifies as "plain error." Indeed, one might contend that R.C. 2941.25(A), because it embodies double jeopardy protections, confers a substantive right that cannot be waived by the accused's failure to assert it. In any event, it is our view that the plain error standard should be applied to the facts before us, and we will apply that analysis to the issue presented in exercise of the discretion we are afforded by Crim.R. 52(B).
Hipple relies on the decisions of two other appellate courts to support the proposition that multiple offenses arising from carrying multiple firearms at one time must necessarily merge into a single conviction for Carrying Concealed Weapons pursuant to R.C. 2941.25(A).
In State v. Moore (1982), 7 Ohio App.3d 187, the defendant was charged with two counts of carrying a concealed weapon after a plastic bag containing two guns was found inside the glove compartment of a car in which he was a passenger, and he was convicted on both counts. On appeal, the court held that merger into but one conviction was required by R.C. 2941.25(A), stating:
 The Supreme Court of Ohio has defined "animus" as used in R.C. 2941.25(B) to mean purpose or, more properly, immediate motive. State v. Logan (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345 [14 O.O.3d 373]. The purpose or immediate motive of defendant in placing the plastic bag containing two pistols in the glove compartment where they were found must have been to conceal both weapons simultaneously. Under these circumstances, we fail to see the divisible nature of the instant motive.
Id. at 188-189.
In State v. Woods (1982), 8 Ohio App.3d 56, two guns were found under the driver's seat of a car that the defendant was operating. He was charged with two counts of carrying a concealed weapon, and was convicted of both. The convictions were ordered merged on appeal. Writing for the court, Judge Markus stated:
 When a defendant conceals several weapons in one location at one time, his conduct is essentially one continuous, indivisible act, such as those described in State v. Fischer, supra,[1] and State v. Fisher, supra. Therefore, defendants' convictions for three separate counts of carrying concealed weapons conflicts with the provisions of R.C. 2941.25(A). Cf. State v. Sanders (1978), 59 Ohio App.2d 187, 392 N.E.2d 1297 [13 O.O.3d 209]; State v. Cartellone
(1981), 3 Ohio App.3d 145, 444 N.E.2d 68.
Id., at 60.
An argument may be made that each of the guns which Hipple had concealed on his person forms the basis of a separate offense, because his unlawful purpose was selective and discrete as to each gun he carried. That argument assumes an intent on the part of the General Assembly to make each gun that an accused carries, rather than the transactional act of carrying it, the relevant unit of prosecution. However, absent some indication of that purpose, such as differentiated penalties according to the type of gun involved, the assumption is unwarranted. State v. Delfino
(1986), 22 Ohio St.3d 270. Further, any ambiguity in the statute as between multiple and separate offenses must be resolved in favor of the accused. United States v. Bell (1955), 349 U.S. 81,75 S.Ct. 620, 99 L.Ed. 905. R.C. 2901.04(A).
On the foregoing analysis, we find that Defendant Hipple's conduct constitutes but a single violation of R.C. 2923.12(A), Carrying Concealed Weapons. Therefore, the trial court erred when it failed to merge the verdicts on the three counts charging the same crime into a single offense, pursuant to R.C. 2941.25.
The first assignment of error is sustained.
SECOND ASSIGNMENT OF ERROR
 THE COURT'S DETERMINATION THAT DEFENDANT'S ASSERTIONS IN SUPPORT OF HIS AFFIRMATIVE DEFENSE ARE NOT SUFFICIENT TO JUSTIFY CARRYING A CONCEALED WEAPON IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Division (C)(2) of R.C. 2923.12 provides that it is an affirmative defense to a charge of violating the prohibitions of the section if a person who is not otherwise prohibited from having the weapon shows that:
 The weapon was carried or kept ready at hand by the actor for defensive purposes, while the actor was engaged in a lawful activity and had reasonable cause to fear a criminal attack upon the actor or a member of the actor's family, or upon the actor's home, such as would justify a prudent person in going armed.
The burden of going forward with the evidence of the defense, and the burden of proof, by a preponderance of the evidence, is on the accused. R.C. 2901.05(A). Portello v. State (1929), 121 Ohio St. 280.
Hipple testified that he had been the victim of attempted carjackings on two prior occasions, and that the last one occurred about a year earlier and involved persons unknown to him who drove three separate vehicles. (T. 51-53). He also testified that other, unidentified persons who "have a drug and alcohol problem" and who "have a tendency to be violent" (T. 54) "were drunk and driving around in cars with guns looking for me." (T. 55). He'd had no "physical confrontation" with them (T.55), but was told that they were out to harm him. Hipple was concerned that they might attempt to steal a valuable rifle that he carried in the trunk of his on that occasion. (T. 56).
On cross-examination, Hipple conceded that he never reported the alleged carjacking attempts to police. (T. 63). He also conceded that he'd told officers that his encounter with the people who were after him was in 1979, but he insisted that he needed protection against theft of his property, nevertheless. (T. 61).
In a subsequent written decision, the trial court rejected Hipple's affirmative defense for failure to demonstrate a reasonable belief to fear the criminal attacks to which he referred. Hipple argues on appeal that the trial court abused its discretion when it concluded that Hipple's acts were not reasonable and, therefore, that he failed to prove the justification for his conduct.
The trial court did not reject the credibility of Hipple's testimony so much as it rejected the materiality of the grounds that he offered to justify his conduct. The court was not required to give Hipple's experiences the weight that he gave them.
"In determining that the evidence would not justify a prudent man in going armed, the court could consider that, while threats were made, the nature and extent of the threatened harm was speculative and did not warrant the carrying of a loaded revolver." State v. Orin (1992), 84 Ohio App.3d 812, 818. Further, Hipple "failed to report the threats to the police" when "[r]eporting the threats would have been a likely course of action by a prudent person who was in fear of bodily harm." Id. Indeed, carrying not one but three loaded firearms manifests a purpose other than a purely defense one, especially when those against whom Hipple wished to defend himself had never confronted him, at least not for many years.
We find no abuse of discretion in the trial court's rejection of Hipple's affirmative defense. The second assignment of error is overruled.
 Conclusion
Having sustained the first assignment of error, we will vacate Defendant Hipple's convictions and remand the case to the trial court to enter a conviction for a single violation of R.C.2923.12(A), and to impose its sentence on that conviction according to law.
WOLFF, J. and FAIN, J., concur.
[1] State v. Fischer (1977), 52 Ohio App.2d 53; State v.Fischer (1977), 52 Ohio App.2d 133.