OPINION
Defendant-appellant, Scott R. Degroat, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of three counts of gross sexual imposition in violation of R.C. 2907.05 pursuant to defendant's guilty plea.
By indictment filed May 11, 2000, defendant was charged with four counts of gross sexual imposition on a child twelve years of age. On May 24, defendant entered a not guilty plea and was released on bond. The matter was scheduled for trial on September 19, 2000, and at that time defendant entered a guilty plea to three counts of gross sexual imposition. After the prosecution's statement of the facts, defense counsel requested a pre-sentence investigation, noting defendant had no prior criminal record. The court granted the request for pre-sentence investigation and set the matter for sentencing on November 17.
In the interim, on October 19, 2000, the court issued a notice of hearing to determine whether defendant should be adjudicated a sexual predator pursuant to R.C. 2950.09(B). Accordingly, on November 17, the court conducted a sexual predator hearing and sentenced defendant.
At the sentencing hearing, the trial court noted that defendant had entered a guilty plea to three counts of gross sexual imposition, all felonies of the third degree and bearing a maximum penalty of five years and a $10,000 fine per offense. After allowing the prosecution, defense counsel, and other interested persons to speak at the sentencing hearing, the court sentenced defendant to five years on count one of the indictment, three years on count three, and two years on count four, all to run consecutively. Moreover, the court found defendant to be a sexual predator. Defendant appeals, assigning the following errors:
 I. IMPOSITION OF THE LONGEST PRISON TERM AUTHORIZED FOR A THIRD DEGREE FELONY— 5 YEARS — AND IMPOSITION OF TWO ADDITIONAL PRISON TERMS GREATER THAN THE SHORTEST TERM AUTHORIZED FOR TWO ADDITIONAL THIRD DEGREE FELONIES ARISING OUT OF THE SAME INCIDENT— 3 YEARS AND 2 YEARS — IS CONTRARY TO R.C. 2929.14(B) AND (C) AND R.C. 2929.19(B)(2)(e) BECAUSE THE TRIAL COURT DID NOT FIND, NOR DID THE EVIDENCE SUPPORT A FINDING, THAT IMPOSITION OF THE SHORTEST PRISON TERM WOULD DEMEAN THE SERIOUSNESS OF THE OFFENDER'S CONDUCT NOR ADEQUATELY PROTECT THE PUBLIC FROM FUTURE OFFENSES.
 II. IMPOSITION OF CONSECUTIVE SENTENCES FOR THREE OFFENSES ARISING OUT OF A SINGLE INCIDENT WAS CONTRARY TO R.C. 2929.14(E)(4) AND R.C. 2929.19(B)(2)(c) BECAUSE THE TRIAL COURT DID NOT FIND, AND THE EVIDENCE DID NOT SUPPORT A FINDING, THAT THE SENTENCES WERE NECESSARY TO PROTECT THE PUBLIC FROM FUTURE CRIME, THAT CONSECUTIVE SENTENCES WERE NOT DISPROPORTIONATE TO THE SERIOUSNESS OF THE CONDUCT AND TO THE DANGER THAT DEFENDANT POSES TO THE PUBLIC, AND THAT THE HARM WAS GREAT OR UNUSUAL OR DEFENDANT'S HISTORY OF CRIMINAL CONDUCT REQUIRED CONSECUTIVE SENTENCES.
 III. IMPOSITION OF CONSECUTIVE SENTENCES OF 5, 3, AND 2 YEAR TERMS OF IMPRISONMENT WAS CONTRARY TO R.C. 2941.25
BECAUSE THE THREE COUNTS OF GROSS SEXUAL IMPOSITION AROSE OUT OF A SINGLE INCIDENT AND WERE OF THE SAME KIND, WERE NOT COMMITTED SEPARATELY, AND WERE NOT COMMITTED WITH A SEPARATE ANIMUS.
 IV. APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS, AS GUARANTEED BY R.C. CHAPTER 2950 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY THE TRIAL COURT'S IMPOSITION OF THE SEXUAL PREDATOR DESIGNATION WHEN THE EVIDENCE PRESENTED AT THE SEXUAL OFFENDER CLASSIFICATION HEARING FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS LIKELY TO ENGAGE IN THE FUTURE IN SEXUALLY ORIENTED OFFENSES AS DETERMINED BY THE FACTORS CONTAINED IN R.C. 2950.09.
 V. APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY THE FAILURE OF HIS TRIAL COUNSEL TO CHALLENGE THE LENGTH OF THE SENTENCE IMPOSED FOR EACH OFFENSE, THE IMPOSITION OF CONSECUTIVE SENTENCES, AND THE IMPOSITION OF THE SEXUAL PREDATOR DESIGNATION.
Defendant's first assignment of error contends the trial court failed to make the necessary findings to impose the longest prison term possible on one count of gross sexual imposition, and greater than the shortest for the other two counts. R.C. 2929.14(B) states:
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
Pursuant to the Supreme Court's decision in State v. Edmonson (1999),86 Ohio St.3d 324, "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." Id. at 326. In this case, defendant undisputedly had no prior prison record. Accordingly, although R.C.2929.14(B) does not require that the trial court give its reasons for finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes by the offender or others before lawfully imposing more than the minimum authorized sentence, it does require either of those two findings specified in R.C. 2929.14(B). Here, the trial court failed to make the necessary findings under R.C. 2929.14(B).
Defendant also contends that the trial court could not impose the maximum sentence without making the required findings under R.C.2929.14(C), which states:
 [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense *** only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders *** and upon certain repeat violent offenders ***. (Emphasis sic.)
Although the trial court found the case should be treated more seriously than perhaps the average case, it did not find defendant committed a worst form of the offense. Moreover, although the trial court found recidivism likely because alcohol was involved, it did not find defendant posed the greatest likelihood of committing future crimes. Accordingly, the trial court failed to make the required findings under R.C. 2929.14(C). Because, however, the sentence does not fall under the parameters of either R.C. 2929.19(B)(2)(d) or (e), the trial court is not required to state its reasons for those findings. State v. Rackham (Feb. 8, 2001), Franklin App. No. 00AP-531, unreported, discretionary appeal not allowed, 91 Ohio St.3d 1525. Because this matter must be returned for re-sentencing, the trial court will have the opportunity to make the required findings under R.C. 2929.14(B) and (C). To that extent, defendant's first assignment of error is sustained.
Defendant's second assignment of error asserts the trial court erred in imposing consecutive sentences without the findings required pursuant to R.C. 2929.14(E)(4).
Pursuant to R.C. 2929.14(E)(4), the court may impose consecutive sentences for convictions of multiple offenses if the court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Moreover, R.C. 2929.19(B)(2)(c) requires that the trial court give its reasons for imposing consecutive sentences. Again, the trial court failed to make the necessary findings or state its reasons for imposing consecutive sentences. Accordingly, defendant's second assignment of error is sustained.
Defendant's third assignment of error asserts the trial court erred in imposing three separate sentences; defendant contends the three offenses were allied offenses committed within a single incident and with no separate animus. R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
Here, defendant pleaded guilty to counts one, three, and four of the indictment. Count one of the indictment charged defendant with touching the breasts of the victim with his hands and mouth, count three charged him with causing the victim to touch his penis, and count four alleged he touched the victim's buttocks. Not only did the facts indicate separate touching, but the facts also indicated more than a single incident. Indeed, in the recitation of the facts, the state indicated three separate incidents: one occurring in the bathroom, one in the bedroom shortly thereafter, and a third in the bedroom twenty to thirty minutes later.
Without question, the record is not entirely clear whether the acts alleged in each of three counts occurred in two or three separate incidents. Nonetheless, the recitation of the facts is sufficient to support the imposition of separate sentences for each offense. State v. Austin (2000), 138 Ohio App.3d 547, discretionary appeal to the Supreme Court of Ohio not allowed, 90 Ohio St.3d 1472 (concluding that touching of the victim's breast with defendant's hand and kissing the victim's breast with his mouth did not indicate a single, simultaneous incident; rather the acts occurred separately but in close proximity of time during the same extended assault of the victim). In State v. Moralevitz (1980),70 Ohio App.2d 20, the defendant was charged with three counts of gross sexual imposition: placing his finger between the victim's legs, putting his hand upon the victim's chest, and putting his tongue between the victim's legs. Concluding the acts occurred consecutively, the court determined they were not allied offenses, "just as the commission of anal rape after vaginal rape constituted the commission of separate offenses in State v. Ware (1977), 53 Ohio App.2d 210, 211 [judgment affirmed (1980), 63 Ohio St.2d 84] ***." Id. at 28. Consistent with Austin and Moralevitz, defendant could be convicted of three separate counts of gross sexual imposition here: he pleaded guilty to three counts of gross sexual imposition which involved three separate touchings. Although they occurred consecutively and in close temporal proximity, they were not part of a "single, simultaneous incident." Austin, at 550. Accordingly, defendant's third assignment of error is overruled.
Defendant's fourth assignment of error contends he was denied his right to due process in the trial court's determination that he was a sexual predator.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Because defendant pleaded guilty to and was convicted of three counts of gross sexual imposition, he committed sexually oriented offenses. R.C.2950.01(D)(1). At the sexual predator hearing, then, the trial court was required to determine whether clear and convincing evidence existed to establish that defendant was likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(3); State v. Cook (1998), 83 Ohio St.3d 404,423-424, certiorari denied (1999), 525 U.S. 1182.
"R.C. 2950.09(B)(2) requires that the trial court take into consideration all relevant factors in making a sexual predator determination, including those enumerated in the statute. The trial court may place as much or as little weight on any of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to defendant in order to conclude defendant is a sexual predator." State v. Maser (Apr. 20, 1999), Franklin App.
No. 98AP-689, unreported, citing State v. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported.
Here, the trial court considered defendant was twenty-eight years of age at the time of the offense; his age suggests he was old enough to understand the societal ban on the conduct to which he pleaded guilty. R.C. 2950.09(B)(2)(a). By contrast, the victim was twelve years old. R.C. 2950.09(B)(2)(c). Moreover, the victim had consumed a few sips of beer at defendant's apartment, and defendant was using alcohol. R.C.2950.09(B)(2)(e). Lastly, apart from the multiple offenses committed against the victim in this case, the trial court noted defendant approached another child's father, who resided in the same apartment complex, and explained to him that he would have children in and out of his apartment, as he counseled troubled teens; accordingly, the father "shouldn't worry about it." (Nov. 17, 2000 Tr. 18.) As the trial court stated: "[a]nd I think I would be remiss if I didn't consider that and mention that as a significant factor in finding this man a sexual predator because it seems to me that's the very essence of being a sexual predator, that is, preying upon children, luring them into your home." (Id. at 38.) See R.C. 2950.09(B)(2)(j).
Given the foregoing, and acknowledging defendant had no prior record, the court concluded that defendant's use of alcohol with children, the age differences involved, his luring them into the home, and his telling their parents they would be safe, were sufficient to find defendant a sexual predator.
The trial court did not err in so concluding. While defendant notes his lack of prior record, that does not diminish the potential for recidivism here. See State v. Lewis (Mar. 13, 2001), Franklin App. No. 00AP-730, unreported (noting that while defendant's lack of prior criminal activity, his excellent prison record, and his attempt to educate himself for employment after release were all favorable factors, "they have little relevance to the likelihood of appellant to commit future sexual offenses"). Moreover, this court has noted a "high potential of recidivism among sex offenders whose crimes involve the exploitation of young children." Maser, supra, citing State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA-06-830, unreported, affirmed 84 Ohio St.3d 12 . Because the trial court's determination is supported by sufficient evidence in the record to prove defendant is a sexual predator by clear and convincing evidence, we overrule defendant's fourth assignment of error.
Defendant's fifth assignment of error asserts defendant was denied his right to effective assistance of counsel as guaranteed by theSixth Amendment. Specifically, defendant contends his trial counsel failed to adequately challenge the length of the sentence, the imposition of consecutive sentences, and the sexual predator designation.
Preliminarily, we note a sexual predator hearing is a civil hearing to which the constitutional right to counsel ordinarily would not attach. Because, however, R.C. Chapter 2950 grants the right to counsel in sexual predator proceedings, we examine the fifth assignment of error, as it relates to the sexual predator designation, under the same standards applied to the remainder of defendant's fifth assignment of error.
In order to prevail on an ineffective assistance of counsel claim, a defendant must meet the two-prong test enunciated in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. "Initially, defendant must show that counsel's performance was deficient. To meet that requirement, defendant must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by theSixth Amendment. Defendant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Next, if defendant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires defendant to prove prejudice in order to prevail. To meet that prong, defendant must show counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable. A defendant meets this standard with a showing `that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" State v. Sieng (Dec. 30, 1999), Franklin App. No. 99AP-282, unreported. (Citations omitted.)
Insofar as defendant raises trial counsel's failure to challenge the length of the sentence imposed or the consecutive sentences, defendant suffered no prejudice, given our disposition of his first two assignments of error. To the extent defendant contends trial counsel erred in conceding defendant should be classified as a sexual predator, defense counsel stated defendant was "willing to agree that a sexual predator or at least sexually-oriented offender is appropriate, not only legally, but he also accepts that because he does understand folks in the community as well as the court had concerns over these types of case, as does Scott. He wants to make sure this doesn't happen again just like everybody else wants to make sure this doesn't happen again." (Nov. 17, 2000 Tr. 28.) While that excerpt from the record leaves some question whether defense counsel conceded defendant was a sexual predator, the evidence before the trial court was sufficient, apart from any concession, to support the trial court's determination that defendant is a sexual predator. Accordingly, defendant cannot demonstrate the requisite prejudice, even if counsel's conduct be an "unprofessional error." Defendant's fifth assignment of error is overruled.
Having sustained defendant's first and second assignments of error to the extent indicated, but having overruled his third, fourth, and fifth assignments of error, we affirm defendant's conviction for three counts of gross sexual imposition and the determination that defendant is a sexual predator, and remand for re-sentencing pursuant to our disposition of the first two assignments of error.
TYACK and LAZARUS, JJ., concur.