DECISION
Garry E. Early, defendant-appellant, appeals the June 26, 2001 judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to a plea agreement, of three counts of receiving stolen property, which are violations of R.C. 2913.51 and fifth-degree felonies.
In August 2000, Adrian Lamar Crutchfield and Eric Lewis Thompson broke into several cars, from which they stole checks, credit cards, and other items. On August 19, 2000, appellant drove Crutchfield, Carrie Ann Bennett, and another individual to the Huntington National Bank on Schrock Road in Columbus, Ohio. Appellant and his cohorts attempted to pass a stolen check at the bank. The bank contacted the police, and appellant was apprehended. The police searched the vehicle and found seven or eight checkbooks, credit cards, and other identification cards. On December 20, 2000, appellant was indicted on seven counts of receiving stolen property. On May 1, 2001, appellant pled guilty to three counts, and the remaining four counts were dismissed.
On June 22, 2001, the trial court held a sentencing hearing, at which it sentenced appellant to eleven months incarceration on two of the counts, which were to run consecutively to each other, and six months incarceration on the third count, which was to run concurrently with the other two counts. The trial court also disapproved any early release, boot camp, or other prison programs. Appellant appeals the judgment of the trial court, asserting the following four assignments of error:
 [I.] TRIAL COUNSEL WAS INEFFECTIVE FOR ADVISING HIS CLIENT TO PLEAD GUILTY TO THREE COUNTS OF RECEIVING STOLEN PROPERTY. THE COUNTS SHOULD HAVE BEEN CONSOLIDATED INTO ONE COUNT SINCE THE EVIDENCE SHOWED THAT: 1] MR. EARLY WAS ASSOCIATED WITH ONE ACT OF DISPOSITION; AND 2] MR. EARLY WAS NOT INVOLVED IN THE PRIOR THEFTS OF THE PROPERTY.
 [II.] THE TRIAL COURT'S ACCEPTANCE OF MR. EARLY'S GUILTY PLEA TO THREE COUNTS OF RECEIVING STOLEN PROPERTY CONSTITUTES PLAIN ERROR.
 [III.] THE TRIAL COURT ERRED IN FAILING TO STATE ON THE RECORD AT THE SENTENCING HEARING ITS REASONS FOR IMPOSING CONSECUTIVE SENTENCES. IT IS NOT ENOUGH FOR THE TRIAL COURT TO SIMPLY CITE § 2929.14 OF THE OHIO REVISED CODE IN ITS JOURNAL ENTRY.
 [IV.] THE TRIAL COURT DENIED MR. EARLY DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN IT ORDERED THAT IT WAS DISAPPROVING BOOT CAMP AND OTHER PRISON PROGRAMS FOR MR. EARLY AS WELL AS EARLY RELEASE.
Appellant argues in his first assignment of error that he was denied effective assistance of counsel during trial. To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052. To demonstrate deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Id. The adequacy of counsel's performance is reviewed in light of all the circumstances surrounding the trial. Id. "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time." State v. Cook (1992), 65 Ohio St.3d 516, 524-525. Assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. State v. Bradley (1989), 42 Ohio St.3d 136, 142. Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
Appellant asserts that the three counts of receiving stolen property to which he pled guilty should have been merged into a single count and that his trial counsel was ineffective in advising him to plead guilty to three separate counts. R.C. 2941.25(A) provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." The statute continues by providing that "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B). Thus, the trial court is authorized, pursuant to R.C. 2941.25(B), to convict and sentence a defendant for two or more offenses that have as their origin the same criminal conduct if the offenses (1) were not allied and of similar import, (2) were committed separately, or (3) were committed with a separate animus as to each offense. See State v. Rance (1999),85 Ohio St.3d 632; State v. Jones (1997), 78 Ohio St.3d 12 . Further, the defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25. State v. Mughni (1987),33 Ohio St.3d 65, 67.
The only issue in the present case is whether the offenses of receiving stolen property were committed separately or with a separate animus, so as to permit appellant to be charged for three separate counts of receiving stolen property. Appellant claims the state failed to prove that he committed the crimes separately because it could not demonstrate that he received the stolen items at the same time, from the same source, or in the same transaction, citing State v. Sanders (1978),59 Ohio App.2d 187, and State v. Wilson (1985), 21 Ohio App.3d 171. In Sanders, the court found that the defendant could not be convicted of four separate offenses of receiving stolen property, despite the fact the stolen property had been taken from four separate owners, and the defendant received the items at the same time, from the same source, and in the same transaction. Similarly, in Wilson, at paragraph one of the syllabus, the court found that when a defendant is charged with multiple counts of receiving stolen property under R.C. 2913.51, the trial court must merge the counts into a single count when it is shown that the defendant received, retained, or disposed of all of the items of property at one time in a single transaction or occurrence.
Appellant argues that he did not participate in any of the prior thefts, and the only evidence in the record was that he drove his passengers to the bank where they attempted to dispose of one of the stolen checks. Appellant claims that he was associated with only one act of disposition, and there was no evidence as to how, when, or in what manner he acquired possession of the other stolen items found in the vehicle.
However, appellant cannot sustain his burden demonstrating entitlement to protection under R.C. 2941.25. We are limited to those facts as set forth in the record from the court below. Unlike Sanders and Wilson, the record in the present case does not reveal that appellant received, retained, or disposed of the property at the same time and in the same transaction. The record does not indicate at all how appellant received the items. The record reveals that appellant attempted to dispose of one stolen check in a separate transaction, while retaining the other stolen checks in the vehicle. Thus, he did not retain and dispose of the stolen property in the same transaction, undermining his claim for protection under R.C. 2941.25. As explained above, the Ohio Supreme Court clearly stated in Mughni that it is the defendant who bears the burden of establishing such protection pursuant to R.C. 2941.25. Because appellant cannot show that his three counts of receiving stolen property should have been merged, he cannot demonstrate that his counsel was ineffective for failing to file a motion to consolidate the three counts. Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court's acceptance of his guilty plea to three counts of receiving stolen property constitutes plain error. The failure to raise the issue of merger in the trial court is not fatal because a violation of R.C. 2941.25 is plain error. State v. Brooks (1997), Montgomery App. No. 15797; State v. Bragg (1984), Montgomery App. No. 8155. However, because we have already found under appellant's first assignment of error that he has failed to demonstrate that his three counts of receiving stolen property should have been merged, appellant's second assignment of error must also be overruled.
Appellant argues in his third assignment of error the trial court erred in failing to state on the record at the sentencing hearing its reasons for imposing consecutive sentences. In order to impose consecutive sentences when an offender is convicted of multiple offenses, a court must make several findings pursuant to R.C. 2929.14(E)(4), and must give its reasons for imposing the given sentence pursuant to R.C.2929.19(B)(2)(c). R.C. 2929.19(B)(2) and its subsections also require a trial court to provide an explanation to support its findings. State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
In the present case, appellant was initially sentenced to eleven years incarceration on two counts and six months on one count, all to run consecutively. The trial court made several findings during this hearing. However, after the initial sentencing hearing, attorneys for appellant and the state met with the judge to discuss some of the factual findings announced by the court. The judge held a second hearing on the record a few minutes later, at which he stated he had met with the attorneys and admitted he was under the mistaken impression that appellant had been present when the vehicles were broken into and the items were stolen. The trial court considered this information and proceeded to resentence appellant to eleven months incarceration on two of the counts, which were to run consecutively to each other, and six months incarceration on the third count, which was to run concurrently with the other two counts. However, he made no further findings at this hearing. The state concedes that the trial court did not make all of the requisite findings pursuant to R.C. 2929.14(E)(4) during the hearings. Therefore, we remand this matter back to the trial court to make the necessary findings pursuant to R.C. 2929.14(E)(4). Appellant's third assignment of error is sustained.
Appellant argues in his fourth assignment of error the trial court denied him due process when it stated, "I'm also going to indicate that I'm disapproving any early release, boot camp, any of those programs." We first note that although appellant asserts the trial court had no authority to disapprove his participation in prison self-improvement programs or any other programs designed to reward good behavior, the above-quoted statement did not specifically mention such programs. Regardless, it is axiomatic that a trial court speaks only through properly journalized judgment entries and not through the judge's comments from the bench. Brackmann Communications, Inc. v. Ritter (1987),38 Ohio App.3d 107, 109. "A commentary from the bench, leading up to pronouncement of a decision * * * is [not] adequate to provide a disappointed party a solid basis on which to ground an appeal." In re Adoption of Gibson (1986), 23 Ohio St.3d 170, 173, fn. 3. In the actual judgment entry in the present case, the trial court indicated only that it disapproved of appellant's placement in a shock incarceration program or an intensive program prison, which the trial court had authority to disapprove pursuant to R.C. 2929.14(K). Appellant has failed to show he suffered any prejudice as a result of the trial court's oral statements. Thus, appellant's fourth assignment of error is overruled.
Accordingly, appellant's first, second, and fourth assignments of error are overruled, and his third assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded to that court for proceedings consistent with this decision.
Judgment affirmed in part and reversed in part; case remanded.
BOWMAN and PETREE, JJ., concur.