DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Alfred M. Lopez, appeals the sentence imposed on him by the Lucas County Court of Common Pleas. For reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On October 19, 2006, appellant was indicted on three felony counts of receiving stolen property, in violation of R.C. 2913.51. Counsel for appellant negotiated *Page 2 
a voluntary plea agreement between appellant and the state. As a part of his plea bargain, the most serious count of the charges was dismissed.
 {¶ 3} On December 19, 2006, following a voluntary plea of no contest, appellant was found guilty on the two remaining counts. The trial court advised appellant of the maximum penalty for these offenses, which if ordered to be served consecutively, is 24 months, with a possible fine up to $5,000.
 {¶ 4} Pursuant to the plea agreement, the state of Ohio recommended that appellant serve concurrent time. The trial court advised appellant that recommendations made by the state were merely recommendations. The trial court made clear that it retained the discretion to determine the appropriate sentence.
 {¶ 5} On January 22, 2007, appellant was sentenced. Counsel for appellant furnished a mitigating statement. Counsel emphasized that "there is no violence in the record that I can see, and it has been quite a while since he's had a felony." Counsel further noted that appellant acknowledged his culpability, has lived in the same residence for six years, and has been with his current girlfriend for ten years.
 {¶ 6} After reviewing appellant's record, the trial court noted appellant's extensive history of recidivism. The court stated, "the defendant as an adult has 31 misdemeanor convictions and five felonies; as a juvenile, four felony delinquencies and two misdemeanor delinquencies." It further stated that it did not believe appellant was "slowing down." Accordingly, the trial court sentenced appellant to seven months on each of the receiving stolen property counts and ordered that the terms be served *Page 3 
consecutively to each other. Appellant's total sentence was 14 months. No fines were imposed.
 {¶ 7} On February 23, 2007, appellant filed timely notice of appeal. Appellant's appeal is limited to the propriety of his sentence and does not dispute the underlying conviction.
 {¶ 8} On appeal, appellant sets forth the following three assignments of error:
 {¶ 9} "The trial court abused its discretion when imposing non-minimum, consecutive sentences.
 {¶ 10} "The trial court erred when imposing non-minimum, consecutive sentences contrary to a clear and convincing application of law.
 {¶ 11} "The trial court erred by not merging the two counts of receiving stolen property into one for sentencing."
 {¶ 12} Appellant's first and second assignments of error both raise the issue of whether the trial court erred in sentencing appellant to a non-minimum, consecutive prison term. Accordingly, we will address appellant's first two assignments of error simultaneously given their common legal basis.
 {¶ 13} In his first assignment of error, appellant argues that based on the facts of this case and given his record, it was an abuse of discretion for the trial court to impose non-minimum, consecutive sentences. In his second assignment of error, appellant refashions this argument and asserts that the sentence imposed on him by the trial court *Page 4 
was contrary to clear and convincing evidence. In essence, appellant contends that the trial court's sentencing findings were not supported by the record.
 {¶ 14} The trial court is vested with broad discretion in executing its duties in criminal cases. State v. Newell, 6th Dist. No E-05-007,2006-Ohio-1990, ¶ 20. An appellate court cannot hold that a trial court abused its discretion by imposing sentence on a defendant where that sentence is within the limits authorized by applicable statute.State v. Woody, 6th Dist. No. OT-06-015, 2007-Ohio-4642, ¶ 11; State v.Harmon, 6th Dist. No. L-05-1078, 2006-Ohio-4642, ¶ 16, citing Harris v.U.S. (2000), 536 U.S. 545, 565. An appellate court may not set aside the sentence if there is no clear showing that the trial court abused its discretion. Id. Abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable, Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 15} We have carefully reviewed the record for any indicia that the trial court erred in sentencing appellant. We find no evidence in support of that proposition. On the contrary, the record demonstrates that the trial court considered the record, witness statements, victim impact statement and the presentence report. The court properly considered the principles and purposes of sentencing under R.C. 2929.11
and balanced the seriousness and recidivism factors under R.C. 2929.12. Based upon its assessment, the court imposed a seven month sentence for each fifth degree felony charge of receiving stolen property. *Page 5 
 {¶ 16} Felonies of the fifth degree carry a sentencing range of six to twelve months and a possible fine of up to $2,500. We note that appellant was ordered to serve terms of imprisonment exceeding by just one month the minimum sentence on these offenses, and no fines were imposed. Although the court ordered the terms to be served consecutively, the court amply considered appellant's lengthy criminal history and found that recidivism was likely, prior to crafting its sentence.
 {¶ 17} Upon review, we cannot say that the trial court abused its discretion. Appellant's first and second assignments of error are not well-taken.
 {¶ 18} In his third assignment of error, appellant asserts that the trial court erred by not merging the two counts of receiving stolen property into one for sentencing. Appellant argues that pursuant to R.C.2941.25(A), the two counts of receiving stolen property to which he pled no contest should have been merged into one.
 {¶ 19} R.C. 2941.25 serves to protect criminal defendants against multiple punishments for the same offense and provides:
 {¶ 20} "(A)Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 21} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or *Page 6 
information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 22} Therefore, R.C. 2941.25(B) authorizes a trial court to convict and sentence a defendant for two or more offenses that have as their origin the same criminal conduct if the offenses (1) were not allied and of similar import, (2) were committed separately, or (3) were committed with a separate animus as to each offense. See State v. Schuster, 6th Dist. No. L-05-1365, 2007-Ohio-3463, ¶ 27-28; State v. Rance (1999),85 Ohio St.3d 632; State v. Jones (1997), 78 Ohio St.3d 12. Furthermore, the defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25. State v. Mughni (1987),33 Ohio St.3d 65, 67; State v. Logan (1979), 60 Ohio St.2d 126.
 {¶ 23} In the case at bar, appellant asserts that the offenses were allied and of similar import and committed together with the same animus, citing to State v. Sanders (1978), 59 Ohio App.2d 187, andState v. Wilson (1985), 21 Ohio App.3d 171. In Sanders, the court found that the defendant could not be convicted of four separate crimes of receiving stolen property, when he received the items at the same time, from the same source in the same transaction. Similarly, inWilson, the court found that "when a defendant is charged on multiple counts of receiving stolen property, the trial court shall merge the counts into a single count when it is shown that the defendant received, retained or disposed of all the items of property at one time in a single transaction or occurrence." *Page 7 
 {¶ 24} The facts in this case are distinguishable from those cited by appellant. In reviewing the record, it is apparent that the stolen items were not received in the same transaction and from the same source. In fact, there is evidence to the contrary; the indictment provides different dates and different locations upon which the theft of these items occurred.
 {¶ 25} As stated above, appellant bears the burden of establishing that merger applies, Mughni, 33 Ohio St.3d 65, at 67. In State v.Early, 10th Dist. No. 01AP-1106, 2202-Ohio-2590, ¶ 12, the court affirmed appellant's conviction and sentence on three counts of receiving stolen property because appellant had failed to demonstrate that he retained and disposed of the stolen property in the same transaction. Likewise, in this case, appellant has failed to establish that merger is appropriate. Thus, appellant's third assignment of error is not well-taken.
 {¶ 26} On consideration whereof, the sentencing judgment of the trial court if affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the records, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J. Judge, Mark L. Pietrykowski, P.J. Judge, Thomas J. Osowik, J. Judge, CONCUR. *Page 1