THE STATE OF OHIO, APPELLEE, *v.*
PECK, APPELLANT.

(No. 49496—Decided July 29, 1985.)

*John T. Corrigan,* prosecuting attorney, and *Scott Ballou,* for appellee.
*Paul Mancino, Jr.,* for appellant.

NAHRA, P.J. On September 21, 1983, Ricky Peck, appellant, was found guilty of grand theft in violation of R.C. 2913.02, guilty of possessing criminal tools in violation of R.C. 2923.24, and not guilty of attempted murder. The trial court sentenced appellant to consecutive prison terms of three-to-ten years for grand theft and two-to-five years for possessing criminal tools.

Appellant appealed his conviction and sentence on October 11, 1983. On November 21, appellant moved to suspend further execution of his sentence and to be placed on probation, which appellee opposed. On May 11, 1984, appellant was released from prison on shock parole.

On July 5, 1984, this court reversed appellant's grand theft conviction and remanded it for a new trial. This court also remanded appellant's criminal tools conviction for resentencing to permit appellant to choose between a definite or indefinite sentence. The fact of appellant's release on shock parole was not in the record at that time.

On December 10, 1984, the trial court resentenced appellant to a definite term of one and one-half years in the Mansfield Reformatory for possessing criminal tools. Appellant timely appealed.

I

Appellant's first assignment of error is that:

"The defendant was denied due process of law when a judge other than the judge to whom this cause had been assigned proceeded to resentence the defendant."

Appellant argues that since this case was assigned to Judge James J. Sweeney on November 7, 1984, Judge James P. Kilbane acted without authority when he resentenced appellant. The record, however, indicates that Judge Leo M. Spellacy assigned this case, which consisted of only the grand theft charge at this juncture, to Judge Sweeney on December 11, 1984, after the criminal tools resentencing hearing on November 21 and after appellant's sentence was journalized on December 10, 1984, and not on November 7 as appellant contends. Since Judge Kilbane was the judge at appellant's trial and the judge who originally sentenced appellant, it was entirely proper on remand for Judge Kilbane to hold the resentencing hearing and resentence appellant. Accordingly, this assignment of error is overruled.

II

Appellant's remaining assignments of error, which will be addressed together, are that:

"II. The defendant was denied due process of law when he was vindictively

sentenced as a result of a successful appeal.

"III. The defendant was denied a fair tribunal because of the obvious bias of the sentencing judge.

"IV. The court committed prejudicial error in imposing the maximum sentence without any consideration as to the statutory criteria for the imposition of a maximum sentence.

"V. The defendant was denied due process of law where the court proceeded to sentence the defendant to the Mansfield Reformatory instead of to parole which had been granted to him.

"VI. The court committed prejudicial error in sentencing the defendant to the maximum term of imprisonment and in not referring the defendant for a presentence investigation."

The imposition of a greater sentence following a successful appeal absent reasons affirmatively appearing on the record is constitutionally prohibited as a violation of due process. *North Carolina* v. *Pearce* (1969), 395 U.S. 711. In this case, appellant was originally sent to prison for the commission of two crimes, theft of a motor vehicle and possession of criminal tools. He made parole on both. On resentencing for one of the very same crimes, he was sent back to prison without any new facts in the record. Appellant was thus deprived of his liberty because of a successful appeal. Although arguably the new sentence, a definite term of eighteen months, is less than an indefinite term of two-to-five years, the incarceration of appellant under the new sentence rather than the continuation of his parole clearly seems to be an increase in punishment. In effect, standing convicted of only one offense for which he had already made parole, appellant's parole was revoked absent the procedural guarantees enounced in *Morrissey* v. *Brewer* (1972), 408 U.S. 471. Appellant's parole should have been continued subject, of course, to any possible revocation under the proper procedures. Accordingly, these assignments of error are sustained.

Appellant's sentence for possession of criminal tools is hereby vacated. This case is remanded to the trial court for proceedings consistent with this opinion.

*Sentence vacated and cause remanded.*

ANN MCMANAMON and PATTON, JJ., concur.