The STATE of Ohio, Appellee,

v.

HOUSTON, Appellant.

[Cite as *State v. Houston* (1997), 122 Ohio App.3d 334.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 96APA10–1345 and 96APA10–1408.

Decided Aug. 12, 1997.

*Ronald J. O'Brien*, Franklin County Prosecuting Attorney, and *Diane Paul*, Assistant Prosecution Attorney, for appellee.

*Kura & Wilford Co., L.P.A.*, and *Barry W. Wilford*, for appellant.

BOWMAN, Judge.

Appellant, Dennis Gregory Houston, was indicted on twenty-two counts, including eleven counts under R.C. 1707.44(B), making false representations in the sale of securities, and eleven counts under R.C. 1707.44(G), securities fraud. Appellant waived his right to a jury trial. A *nolle prosequi* was entered as to two counts, and the trial court found appellant guilty of the other twenty counts. Appellant was sentenced to twenty consecutive definite terms of imprisonment, with execution of sentence suspended for five years of probation, on the conditions that appellant (1) participate in Employment Development Programming and (2) pay full restitution in the amount of $19,950 to seven victims.

Appellant filed two notices of appeal and this court consolidated the cases for appeal. The trial court entered an order granting a stay of execution of judgment pending direct appeal. Appellant has raised the following assignments of error:

"I. The trial court erred by entering judgment of conviction against the defendant for violations under O.R.C. § 1707.44(B) and O.R.C. § 1707.44(G), which were 'allied offenses of similar import' under O.R.C. § 2941.25, and merged as a matter of law.

"II. The trial court committed prejudicial error in its sentencing order of restitution in the amount of $19,950.00."

■ By the first assignment of error, appellant contends that the trial court erred by entering judgment of conviction for violating R.C. 1707.44(B) and (G) because they are allied offenses of similar import under R.C. 2941.25 and merged as a matter of law. Although appellant did not raise this issue in the trial court and it would ordinarily be waived (see *State v. Comen* [1990], 50 Ohio St.3d 206, 211, 553 N.E.2d 640, 645–646), it may constitute plain error.

R.C. 2941.25 requires the trial court to sentence upon only one of two or more allied offenses of similar import when the defendant has been found guilty of all offenses. R.C. 2941.25 provides as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

■ In the syllabus of *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, the Ohio Supreme Court established a two-tiered test to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared to determine whether they correspond to such a degree that the commission of one crime will result in the commission of the other crime. If so, the second step requires a review of the defendant's conduct to determine whether the defendant can be convicted of both offenses because the crimes were committed separately or with a separate animus for each crime.

■ At the time of appellant's conviction, R.C. 1707.44 provided as follows:

"(B) No person shall knowingly make or cause to be made any false representation concerning a material and relevant fact, in any oral statement or in any prospectus, circular, description, application, or written statement, for any of the following purposes:

" * * *

"(4) Selling any securities in this state.

" * * *

"(G) No person in selling securities shall knowingly engage in any act or practice which is, in sections 1707.01 to 1707.45 of the Revised Code, declared illegal, defined as fraudulent, or prohibited."

In *State v. Warner* (1990), 55 Ohio St.3d 31, 564 N.E.2d 18, paragraphs two and three of the syllabus, certiorari denied, *Warner v. Ohio* (1991), 499 U.S. 961, 111 S.Ct. 1584, 113 L.Ed.2d 649, the Supreme Court of Ohio discussed the scope of the offenses as follows:

"2. R.C. 1707.44(B)(4) and (J) prohibit only affirmative misrepresentation; they do not apply to fraudulent nondisclosure.

"3. R.C. 1707.44(G) prohibits not only affirmative misrepresentation, but also fraudulent nondisclosure where there is a duty to disclose. * * * "

■ Thus, both offenses prohibit affirmative misrepresentation, and the commission of one crime will result in the commission of the other crime, even though R.C. 1707.44(G) also prohibits fraudulent nondisclosure. The "real concern of any allied-offense analysis is whether the state, by sentencing the defendant for both offenses, is, in effect, imposing multiple punishments for what is essentially one offense." *State v. Lang* (1995), 102 Ohio App.3d 243, 250, 656 N.E.2d 1358, 1362.

The second step requires a review of appellant's conduct to determine whether the crimes were committed separately or with a separate animus for each crime. In this case, appellant was found guilty of affirmative misrepresentations and

omissions in the sale of the securities; however, his conduct was not committed separately or with a separate animus for each crime because he made the affirmative misrepresentations and the omissions during the same conversations as to the sale of the securities. Thus, by sentencing the defendant for both offenses, he is receiving multiple punishments for what is essentially one offense. When a court imposes multiple sentences for allied offenses of similar import, it has been held to be prejudicial. *Lang,* 102 Ohio App.3d at 251, 656 N.E.2d at 1362–1363. Thus, we find plain error in the sentencing, and appellant's assignment of error is well taken.

By the second assignment of error, appellant contends that the trial court erred in its sentencing order by ordering restitution in the amount of $19,950. The prosecution has conceded that the record does not support the trial court's calculation of $19,950. Both parties contend that the restitution should be at least $13,650; however, appellee argues that $700 more is due. Appellant contends that the $700 is not due as restitution because the victim testified that he did not know whether his $700 check had cleared or not. Pursuant to R.C. 2929.11, the trial court may fix the amount of restitution for all or part of the value of the property caused by the offense; however, the record is vague as to that amount of damage. Thus, on remand, the trial court will have to determine whether the $700 check was even paid. Appellant's second assignment of error is well taken. Appellant also raised an issue as to whether he is entitled to return of the stock if he is required to make restitution.

The record is unclear whether stock certificates were ever transferred to the victims of appellant's fraud, and the stock of at least two of the companies would appear to be worthless. The status of the stock certificates, whether their return would be appropriate and to whom, should be determined at the hearing for restitution.

For the foregoing reasons, appellant's first and second assignments of error are sustained, and the judgment of conviction of the Franklin County Court of Common Pleas is affirmed, but this cause is remanded to that court for resentencing and for a hearing in order for the court to determine the correct amount of restitution.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded with instructions.*

TYACK, P.J., and PETREE, J., concur.