OPINION
Defendant-appellant, Henry Couturier, appeals the November 6, 2000 amended judgment entry of the Franklin County Court of Common Pleas, resentencing appellant upon remand from this court's decision in State v. Couturier (June 22, 2000), Franklin App. No. 99AP-950, unreported ("Couturier I"). For the reasons that follow, we reverse.
On June 25, 1999, a jury found appellant guilty of one count of felonious assault, three counts of corrupting a minor, and one count of corrupting another with drugs. All of the convictions arose out of appellant providing marijuana to and engaging in sexual intercourse with a thirteen-year-old victim in May 1998. Appellant was HIV positive at the time, and the victim subsequently tested positive for HIV. The felonious assault conviction was based upon the prosecution's theory that appellant knowingly caused or attempted to cause physical harm to the victim by means of a deadly weapon, i.e., appellant's HIV infection.
In its original sentencing entry, the trial court sentenced appellant to five years for the felonious assault, nine months for the corrupting another with drugs, and fifteen months on the three counts of corrupting a minor, which the trial court merged for purposes of sentencing. All sentences were to be served consecutively, for a total sentence of seven years.
In Couturier I, this court reversed and vacated appellant's conviction for felonious assault, holding that the evidence was insufficient to support a finding that appellant "knowingly" tried to use HIV to harm anyone else. In so doing, this court remanded the matter for resentencing and ordered that the trial court enter a finding of "not guilty" on the felonious assault charge. This court further stated that, on remand, "the trial court may wish to revisit the appropriate sentence on the remaining four charges for which appellant still stands convicted."
On remand, the trial court ruled that the three corrupting a minor counts should not be merged and, instead, sentenced appellant to seventeen months on each of the three counts, each to be served consecutive to each other and consecutive to a sentence of seventeen months on the count of corrupting another with drugs. The total sentence imposed on remand equals five years and eight months.
Appellant timely appealed raising the following five assignments of error:
Assignment of Error One
 THE TRIAL COURT ERRED BY RE-SENTENCING THE DEFENDANT ON ALLIED OFFENSES OF SIMILAR IMPORT.
Assignment of Error Two
 THE TRIAL COURT ERRED BY MODIFYING DEFENDANT'S SENTENCE AFTER IT WAS EXECUTED.
Assignment of Error Three
 THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WITHOUT SETTING FORTH THE REQUIRED STATUTORY FINDINGS ON THE RECORD.
Assignment of Error Four
 THE TRIAL COURT ERRED BY INCREASING DEFENDANT'S PUNISHMENT AFTER EXECUTION OF SENTENCE.
Assignment of Error Five
 THE DEFENDANT'S RIGHT TO DUE PROCESS WAS VIOLATED WHEN THE TRIAL COURT INCREASED HIS SENTENCE AFTER A SUCCESSFUL APPEAL.
As outlined above, the trial court modified the original sentence on remand in two material ways. First, the trial court "unmerged" the three counts of corrupting a minor and instead imposed three consecutive seventeen-month sentences. Second, the trial court generally increased the duration of the sentences for the non-felonious assault counts from nine and fifteen months respectively to seventeen months. Thus, considering just the non-felonious assault counts, the trial court's sentence on remand represents a forty-four month increase over the original sentence. In his five assignments of error, appellant challenges the propriety of these modifications on several different grounds. For purposes of our analysis, we address the assignments of error out of order.
In his second and fourth assignments of error, appellant argues that the trial court lacked the authority to modify on remand the original sentences imposed on those counts not otherwise disturbed by this court's decision in Couturier I. In particular, appellant contends that the trial court was precluded from modifying (and especially increasing) the sentences on those counts under general principles of Ohio criminal law (appellant's second assignment of error) and the double jeopardy clauses of the Ohio and United States Constitutions (appellant's fourth assignment of error) because appellant had already started serving his sentences on these counts. See, generally, Columbus v. Messer (1982),7 Ohio App.3d 266, 268 ("[d]ouble jeopardy restrictions prevent a trial court from modifying a completed sentence by increasing it after execution of that sentence has commenced"); State v. Meister (1991),76 Ohio App.3d 15, 18-19 (generally identifying the bases upon which a trial court may modify a sentence).
The state, however, contends that the trial court was authorized to modify the sentences on remand under the sentencing package doctrine. We agree with the state.
As recently recognized by this court, the sentencing package doctrine provides that, when a defendant is sentenced under a multi-count indictment and the sentences imposed on those counts are interdependent, the trial court has the authority to reevaluate the entire aggregate sentence, including those on the unchallenged counts, on remand from a decision vacating one or more of the original counts. In the matter of Fabiaen L. Mitchell (June 28, 2001), Franklin App. No. 01AP-74, unreported. The underlying theory is that in imposing a sentence in a multi-count conviction, the trial court typically looks to the bottom line, or the total number of years. Id. Thus, when part of a sentence is vacated, the entire sentencing package becomes "unbundled," and the trial judge is, therefore, entitled to resentence a defendant on all counts to effectuate its previous intent. Id. See, also, State v. Nelloms (June 1, 2001), Montgomery App. No. 18421, unreported ("when one or more counts constituting the original sentence are vacated, the trial court should be able to review what remains and reconstruct the sentence in light of the original sentencing plan").
Modifying the originally imposed sentence on remand, pursuant to the sentencing package doctrine, does not violate double jeopardy. In the Matter of Mitchell, supra. Double jeopardy is triggered only when a defendant has developed a legitimate expectation of finality as to his sentence. Id., citing United States v. DiFrancesco (1980), 449 U.S. 117,139. A defendant, however, does not have a legitimate expectation in the finality of his original sentence if he challenges one count of an interdependent, multi-count conviction on appeal. Id. citing Pasquarille v. United States (C.A.6, 1997), 130 F.3d 1220, 1222.
Here, as in In the Matter of Mitchell, supra, the sentencing packaging doctrine applies. The disposition of appellant was pursuant to a multi-count indictment resulting from the same basic conduct occurring at the same time. Thus, as recognized in this court's remand instructions in Couturier I, the trial court was free to revisit on remand the original sentences imposed on the non-felonious assault counts. Appellant's second and fourth assignments of error are not well-taken and are overruled.
In his fifth assignment of error, appellant contends that, even if the trial court on remand had the authority to modify his sentence on the remaining counts, the trial court violated principles of due process by increasing his sentences on those counts without providing objective reasons for doing so as required by North Carolina v. Pearce (1969),395 U.S. 711. We disagree.
In Pearce, supra, the United States Supreme Court held that "[d]ue process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Id. at 725. Thus, whenever a judge imposes a more severe sentence upon a defendant after a new trial: (1) the reasons for his doing so must affirmatively appear; (2) those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding; and (3) the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal. Id. at 726. Although Pearce was addressing the situation where a harsher sentence was imposed after retrial, it equally applies to the trial court's resentencing on remand from a successful appeal. See State v. Peck (1985), 26 Ohio App.3d 133.
However, when one or more counts of a multi-count conviction are vacated and remanded, the presumption of vindictiveness under Pearce, supra, is not triggered as long as the aggregate length of the new sentence does not exceed the total length of the original sentence. Nelloms, supra; see, also, United States v. Townsend (1999), 178 F.3d 558,570 (given that the sentence was properly viewed as a package, the fact that the sentence allocated to certain counts increased on remand gives rise to no presumption of vindictiveness under Pearce, supra).
Here, appellant's total sentence after remand is not longer than the sentence originally imposed. As such, there is no presumption of vindictiveness under Pearce. Appellant's fifth assignment of error is not well-taken and is overruled.
In his first assignment of error, appellant challenges the trial court's decision to "unmerge" the three counts of corrupting a minor on remand. As noted above, the trial court originally merged the three counts for purposes of sentencing pursuant to R.C. 2941.25, imposing a single fifteen month sentence. On remand, the trial court imposed three consecutive seventeen-month sentences on these counts. Appellant contends that the trial court was originally correct in merging the counts and that the trial court was otherwise precluded from revisiting the issue on remand. While we question the correctness of the trial court's original decision to merge the counts, we agree with appellant that the trial court was without authority to modify this decision on remand.
First, we reject the state's contention that application of the sentencing package doctrine authorized the trial court to unmerge the three counts for corrupting a minor. A trial court's decision to merge counts under R.C. 2941.25, unlike the decision to give a particular sentence on a particular count, is not dependent upon considerations of the overall sentencing package or scheme. Rather, the decision to merge counts is based upon a two-step analysis under the statute, i.e., whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other and whether the defendant did not otherwise commit the offenses separately or with a separate animus. See, generally, State v. Rance (1999),85 Ohio St.3d 632; State v. Easley (June 20, 2000), Franklin App. No. 99AP-703, unreported. Merger initially determines on which counts the trial court may constitutionally give a sentence. Rance, supra. Thus, the policy reasons supporting the sentencing package doctrine have no application to the merger decisions of the trial court.
Likewise, we reject the state's contention that, because the trial court's original merger decision was legally flawed, it was a nullity and void and, therefore, could be corrected by the trial court at any time. A void sentence, however, is not one that is simply legally flawed, but one exceeding the court's authority or jurisdiction. See State v. Beasley (1984), 14 Ohio St.3d 74, 75 (sentence failing to impose statutorily mandated minimum term of imprisonment was void). Misapplication of the merger statute (as alleged by the state here), however, does not render the resulting sentence void.
 *** Thus, when a trial court determines whether multiple offenses should be merged, it is operating within its subject matter jurisdiction. Errors committed by the trial court in making that determination are reversible on appeal, but do not deprive the trial court of its subject matter jurisdiction. Merger determinations subject to error are voidable on appeal — they are not void judgments. [State v. Kuns (Oct. 2, 1990), Montgomery App. No. 11823, unreported.]
Thus, any alleged error in the trial court's merger determination are waived if not raised on direct appeal. See State v. Perkins (1994),93 Ohio App.3d 672, 684; State v. Houston (1997), 122 Ohio App.3d 334,336; see, also, State v. Davis (June 11, 1987), Franklin App. No. 86AP-1154, unreported (alleged merger errors by trial court could not be a basis for postconviction relief since such issues could have been raised on direct appeal).
Here, the state never appealed the trial court's original merger determination, and this court's decision in Couturier I never addressed the issue. As such, the state waived any alleged error in the trial court's initial determination. Likewise, the trial court was precluded from revisiting its prior merger determination on remand. Appellant's first assignment of error is well-taken and is sustained.
Finally, in his third assignment of error, appellant challenges the trial court's imposition of consecutive sentences. In particular, appellant contends that the trial court erred by imposing consecutive sentences without setting forth the required statutory findings on the record. The state has conceded error in this regard, and we agree.
Under Ohio law, R.C. 2929.14(E)(4) governs imposition of consecutive sentences and permits the trial court to impose them only if the court makes certain findings. First, the trial court initially must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(E)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Id. Finally, the trial court must find any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. [Id.]
Furthermore, when a trial court imposes consecutive sentences under R.C. 2929.14, it must state on the record the necessary findings for doing so and its reasons supporting such findings. R.C. 2929.19(B)(2)(c). The failure of the trial court to do so, requires remand for resentencing. See State v. Edmondson (1999), 86 Ohio St.3d 324, 328; see, e.g., State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported.
Here, neither the transcript of the resentencing hearing nor the resentencing entry indicates that the trial court made any of the findings required to impose consecutive sentences. As such, appellant's third assignment of error is well- taken to the extent that the trial court failed to make the requisite findings to support imposition of consecutive sentences. The matter must be remanded for resentencing.
For the foregoing reasons, appellant's second, fourth, and fifth assignments of error are overruled, but appellant's first and third assignments of error are sustained. We, therefore, remand the case with instructions to the Franklin County Court of Common Pleas to merge the three corrupting a minor counts and for such other proceedings consistent herewith.
BOWMAN and KENNEDY, JJ., concur.