OPINION
{¶ 1} Freeman C. Jackson, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court resentenced appellant to 35 years incarceration upon remand.
 {¶ 2} This matter is again before this court after our remand in State v. Jackson, Franklin App. No. 02AP-289, 2003-Ohio-37 ("Jackson I"). Appellant was indicted on numerous counts relating to sexual conduct on the part of appellant with Jacquita McDowell, the 13-year-old niece of appellant's live-in girlfriend, and Khadijah Akil, the eight-year-old daughter of appellant's live-in girlfriend. The indictment included the following counts: four counts of gross sexual imposition, in violation of R.C. 2907.05, fourth-degree felonies; six counts of rape, in violation of R.C. 2907.02, first-degree felonies; three counts of corruption of a minor, in violation of R.C. 2907.04, fourth-degree felonies; and three counts of kidnapping, in violation of R.C. 2905.01, first-degree felonies. Prior to the commencement of the trial, the state dismissed one count of rape and one count of kidnapping. Following a jury trial, appellant was found guilty of the remaining charges and sentenced to a term of incarceration of life plus 19 years, which, in effect, meant that appellant would be eligible for parole after 29 years pursuant to R.C. 2967.13.
 {¶ 3} Appellant appealed. In Jackson I, this court affirmed in part and reversed in part. We found that the evidence was insufficient to convict appellant on one count of gross sexual imposition as it related to Khadijah and was insufficient to support a finding of force as it related to one count of rape regarding Khadijah. This court found that the evidence was sufficient to convict appellant of the remaining counts. However, we found that several of the convictions constituted allied offenses of similar import that were neither committed separately nor with a separate animus, and, thus, we remanded the matter for resentencing. Upon remand, the trial court resentenced appellant to 35 years incarceration. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
The trial court violated appellant's right to due process of law by sentencing him to a longer sentence after remand.
 {¶ 4} Appellant argues in his sole assignment of error that the trial court erred in sentencing him to a longer sentence after remand, in violation of North Carolina v. Pearce (1969),395 U.S. 711, 89 S.Ct. 2072. The United State Supreme Court held in Pearce that a more severe sentence of remand is presumptively vindictive on the part of the trial court. In the present case, appellant contends that he was sentenced to a longer sentence on remand because, under the original sentence, he had a possibility of parole after 29 years, but, under the subsequent sentence, he must serve a definite 35 years.
 {¶ 5} This court has applied the "sentencing package doctrine." The sentencing package doctrine provides that, when a defendant is sentenced under a multi-count indictment and the sentences imposed on those counts are interdependent, the trial court has the authority to reevaluate the entire aggregate sentence, including those on the unchallenged counts, on remand from a decision vacating one or more of the original counts. Inre Mitchell (June 28, 2001), Franklin App. No. 01AP-74. The underlying theory is that, in imposing a sentence in a multi-count conviction, the trial court typically looks to the bottom line, or the total number of years. Id. Thus, when part of a sentence is vacated, the entire sentencing package doctrine becomes "unbundled," and the trial judge is, therefore, entitled to resentence a defendant on all counts to effectuate its previous intent. Id.
 {¶ 6} Modifying the originally imposed sentence on remand, pursuant to the sentencing package doctrine, does not violate double jeopardy. In the Matter of Mitchell, supra. Double jeopardy is triggered only when a defendant has developed a legitimate expectation of finality as to his sentence. Id., citing United States v. DiFrancesco (1980), 449 U.S. 117, 139,101 S.Ct. 426. A defendant, however, does not have a legitimate expectation in the finality of his original sentence if he challenges one count of an interdependent, multi-count conviction on appeal. Id., citing Pasquarille v. United States (C.A. 6, 1997), 130 F.3d 1220, 1222. Thus, when one or more counts of a multi-count conviction are vacated and remanded, the presumption of vindictiveness under Pearce, supra, is not triggered as long as the aggregate length of the new sentence does not exceed the total length of the original sentence. See State v. Couturier
(Sept. 13, 2001), Franklin App. No. 00AP-1293, citing State v.Nelloms (2001), 144 Ohio App.3d 1, 7.
 {¶ 7} In the present case, appellant was originally sentenced to a term of incarceration of life plus 19 years, which, in effect, meant that appellant would be eligible for parole after 29 years pursuant to R.C. 2967.13. Upon remand, appellant was resentenced to 35 years incarceration. Appellant contends the sentencing package doctrine should not apply because the triggering event (i.e., exceeding the original sentence) could never occur, as the maximum sentence available upon remand was 50 years. Appellant cites no authority for his proposition. We find the sentencing package doctrine applies in the present case, and the trial court's resentencing upon remand did not violatePearce. Appellant was originally sentenced to life incarceration, and he was resentenced upon remand to 35 years incarceration. In short, appellant's total, aggregate sentence after remand was not longer than the sentence originally imposed. As such, there is no presumption of vindictiveness underPearce.
 {¶ 8} Appellant also argues that, if the sentencing package doctrine has any application, it would be to limit the trial court's resentencing to 29 years, which was the minimum sentence initially imposed. We disagree. The original sentence imposed was life imprisonment. Although he may have been eligible for parole earlier under the original sentence, appellant was not guaranteed release at that time, and such eligibility for any speculative parole does not implicate the due process clause under these circumstances. Further, this is not like the situation in Statev. Peck (1985), 26 Ohio App.3d 133, wherein it was found unconstitutional for a defendant, who was already on parole when the court of appeals remanded his case for resentencing, to be sent back to prison upon resentencing rather than have his parole continued, even though the aggregate new sentence was less than the original sentence consistent with Pearce. In the present case, unlike the defendant in Peck, appellant had no currently vested right to parole when he was resentenced; he had only a possibility of parole. For these reasons, we find the trial court's resentencing appellant to 35 years incarceration upon remand was not an increase in the aggregate sentence, and appellant's assignment of error is overruled.
 {¶ 9} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Sadler, JJ., concur.